CHASEZ, Judge.
Mr. and Mrs. John M. Bee sued, for themselves and for their minor child, Bonnie, to recover damages resulting from an automobile collision in a shopping center parking lot. Named defendants were Liberty Mutual Insurance Company, insurer of the Chrysler automobile involved, Robert W. Devay, the driver of that car, Larry Hines, alleged to be the employer of the driver, and Charles J. Spitzfaden III, the owner of the car.
The District Court dismissed plaintiffs’ suit as to the three individual defendants, Robert W. Devay, Larry Hines and Charles J. Spitzfaden III, the driver having died prior to trial and there being no evidence to suggest liability of his alleged employer, Larry Hines, or of the owner of the car, Charles J. Spitzfaden III.
Spitzfaden, the owner of the Chrysler car, reconvened for the damages to his car, alleging negligence on the part of plaintiff Mrs. Bee.
From a judgment in favor of plaintiffs against the defendant insurer on the main demand, and in favor of plaintiffs as defendants in reconvention on the reconven-tional demand, both the insurer, Liberty Mutual Insurance Company, and Charles J. Spitzfaden III have appealed.
The only direct testimony about the accident is that of plaintiff Mrs. Bee. But photographs of both cars and of the skid marks left by the Chrysler car operated by defendant Devay corroborate Mrs. Bee’s testimony. The photographs were taken the following day, and it is not disputed that they represent both the damages to the cars and the skid marks at the time of the accident.
The parking lot is constituted by a very large, wide-open, asphalt area between the Airline Highway and the row of stores comprising the Crescent Airline shopping center. The row of stores is situated to the north of, and approximately parallel to, the highway.
At about 6:30 p. m., on February 17, 1959, Mrs. Bee was driving her Buick car away from one of the stores, in a perpendicular direction towards the highway. The driver of the Chrysler car was also coming from the direction of the stores, but along a diagonal path; roughly southeasterly, while Mrs. Bee’s car was moving in a southerly direction. The Chrysler car’s skid marks and the character of the physical damages to the cars both show the angular character of the impact — too sharply angular, in our judgment to be explained merely by the evasive turning-away of both cars. The fact that the left front corner of defendants’ car struck the right front door-post of plaintiffs’ car, considered with the initial angle of defendants’ car’s 40 to 60 foot skid marks, satisfy us that defendants’ car was approaching plaintiffs’ car from its right rear, and at a speed considerably faster than that of plaintiffs’ car which had just pulled away from a parked position.
Under those circumstances we cannot say that Mrs. Bee reasonably should have seen defendants’ car, approaching from her right rear; she testified that in fact she did not see the car until it was almost upon her, although she was looking ahead to both right and left.
Defendants’ driver, on the other hand, should have seen Mrs. Bee’s car, which was ahead of him, although off to his left. At the time of the accident there were just a few cars still parked on the shopping center lot.
Accordingly we hold that Robert W. De-vay’s failure to stop his car in time to avoid the impending accident, which he could foresee while Mrs. Bee could not, was negligence on his part which alone proximately caused the accident. Whether he failed to stop because he did not see Mrs. Bee’s car *75 when he should have seen it, or because his speed was so excessive that he was unable to stop in spite of having seen Mrs. Bee’s car, is not material. From the evidence adduced at the trial, it appears that Mrs. Bee was completely free of negligence.
Defendant insurer admits coverage of the driver of defendants’ car and the insurer is therefore liable for the damages he caused.
But the insurer also complains of the amount of the award of $1,500.00 to Mrs. Bee for her personal injuries. She suffered some bruising of her abdominal region; but doubtless the bulk of the award was for her mental suffering and anxiety over the possibility of injury to the child then in her womb. She was seven months pregnant, and had a normal child by normal delivery about seven weeks after the accident. However, in the intervening period she was constantly perturbed over the possibility of injury to her expected child— a possibility which her obstetrician could not positively exclude. Both she and her husband testified as to her worry, lack of sleep, and inability to pursue her normal routine because of her concern for the integrity of the infant within her.
We cannot say, under the circumstances here, that the District Court “abused its discretion in fixing the award”, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and we therefore leave the amount of the award to Mrs. Bee undisturbed.
Because the negligence of Robert W. Devay alone caused the accident,- the dismissal of the reconventional demand against John M. Bee and United Services Automobile Association for damages to defendant Spitzfaden’s car was correct.
Accordingly the judgment appealed from is affirmed in its entirety. Appellant Charles J. Spitzfaden III is to bear his own costs; appellant Liberty Mutual Insurance Company is to bear all other costs.
Affirmed.