215 So.2d 359 (1968)
Betty H. WHEELER, Plaintiff-Appellant,
v.
Dan Alan SIMONTON et al., Defendants-Appellees.
No. 11088.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1968.
Peters, Ward & Johnson, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendant-appellant.
Mayer & Smith, Shreveport, for defendants-appellees.
Before GLADNEY, AYRES, and PRICE, JJ.
*360 PRICE, Judge.
This is a tort action wherein the plaintiff, Betty H. Wheeler, seeks to recover for her own personal injuries resulting from an automobile collision happening at 7:50 P.M. on August 8, 1963.
Mrs. Wheeler was a guest passenger in a 1963 Pontiac Tempest automobile being driven by her husband, Felix M. Wheeler, Jr., and insured by State Farm Mutual Insurance Company. The Wheeler automobile collided with a 1958 Chevrolet Sedan being driven by Dan Alan Simonton and insured by Preferred Risk Mutual Insurance Company. Mrs. Wheeler named as defendants in her action the driver of the Chevrolet, Dan Alan Simonton, Preferred Risk Mutual Insurance Company and State Farm Mutual Insurance Company. She alleged primarily that Mr. Simonton was guilty of negligence which was the sole and proximate cause of the accident. Alternatively, she alleged that her husband was also guilty of negligence which either contributed to or was the sole cause of the accident, and that his liability insurer should be held liable to her.
A third party demand was filed on behalf of Felix M. Wheeler, Jr. and State Farm against Dan Alan Simonton and Preferred Risk Mutual Insurance Company, in which they seek to recover for the damages to the Wheeler automobile.
The accident occurred on East Kings Highway in the City of Shreveport in front of a business known as Cobb's Barbecue. East Kings Highway is a four-lane thoroughfare in that area. Mr. Wheeler was driving his vehicle westerly on East Kings Highway, his intended destination being the barbecue stand situated on the south side of the street. Mr. Wheeler made a left turn preparatory to entering the parking lot in front of Cobb's Barbecue. For some reason he found his path blocked, necessitating that he pause for a number of seconds with his vehicle across the curb lane of eastbound traffic with the possibility that it protruded partially into the inside lane.
At about this same time Mr. Simonton was driving easterly in the curb lane on East Kings Highway. He found the Wheeler automobile in his path and applied his brakes, but was unable to stop before colliding with the right rear fender of the Wheeler car.
After a trial on the merits the district judge found the testimony of the witnesses to be so contradictory and irreconciliable that he held that the plaintiffs had not made out a case by a preponderance of the evidence and rejected all demands.
All plaintiffs in the main demand and third party demand perfected a devolutive appeal to this court.
Mrs. Wheeler asserts that the district judge was in error under the holding of the case of Nelson v. Zurich Ins. Co., 247 La. 438, 172 So.2d 70 (1965), in which the Louisiana Supreme Court held that where witnesses differ, the court should reconcile, if possible, apparent contradictions, and, if this cannot be done, the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation; the amount of corroboration, if any, and the degree of proof required.
We are constrained to follow the principle in that case. Although it may be difficult to determine fault because of the contradictory testimony, the court must do so to protect the rights of innocent guest passengers if at all possible.
The only witnesses to the accident were Mr. and Mrs. Wheeler and Mr. and Mrs. Simonton. There were no impartial third party witnesses to substantiate the testimony of either of the couples involved.
Mr. and Mrs. Wheeler testified at the trial of the case, and Mr. and Mrs. Simonton's testimony was taken by written interrogatories.
*361 The accident apparently happened at about dusk or just after dark on an August afternoon. Mr. and Mrs. Wheeler testified that they saw no vehicles coming toward them from the direction of Centenary Boulevard as they began making their left turn. They further testified that there was a space for their car in the parking lot when they began to turn, but after beginning the turn another car backed out and blocked their intended space, causing them to pause in the traveled thoroughfare. They contend only the curb lane was blocked by their vehicle. They further testified that they remained stationary for a period of between 8 to 30 seconds before being struck by the other vehicle. Mrs. Wheeler testified that she saw the other vehicle coming after they paused and that it either turned on its lights or flicked them from low to high beam.
The testimony of Mr. and Mrs. Simonton discloses that they were traveling easterly in the curb lane at a speed of approximately 30 miles per hour when the Wheeler car began to make a left turn. Mr. Simonton stated that when he saw the other vehicle begin to turn, he started to pull into the middle lane to be certain of clearing the vehicle. He further stated that about this time the vehicle suddenly stopped. He said both lanes were blocked and although he applied his brakes he was unable to stop before striking the right rear fender of the Wheeler car with his left front fender. He testified that the skidmarks were approximately eighteen feet long.
We shall first discuss the question of negligence on the part of Mr. Wheeler. From a careful reading of the testimony of Mr. and Mrs. Wheeler we have concluded that Mr. Wheeler attempted his left turn at a time when he was not reasonably certain it could be made in safety. The parking area he was attempting to enter was well lighted and there were no obstructions to his view. His testimony is somewhat contradictory as to the exact reason he did not complete his turn without stopping in the roadway. At one point he testified that a car backed into his intended space after he had turned. At another point in his testimony he stated he could not pull directly into the intended space because of the angle and had to stop to cut his wheels to the proper angle to fit the space.
The law pertaining to the left turn maneuver in this State is very aptly set forth in Washington Fire & Marine Insurance Company v. Fireman's Insurance Company, 232 La. 379, 94 So.2d 295, 296 (1957), as follows:
"* * * The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded on common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver `shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.' Among pertinent cases are Lane v. Bourgeois, La.App., 28 So.2d 91; Home Insurance Co. v. Warren, La.App., 29 So.2d 551; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Malone v. Fletcher, La.App., 44 So.2d 352; Zurich Fire Ins. Co. of New York v. Thomas, La. App., 49 So.2d 460; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that `When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.'"
*362 We believe the evidence is sufficient to find that Mr. Wheeler was negligent in making his left turn without first ascertaining that it could be completed in safety and that his negligence was a contributing cause of the accident.
We shall next discuss the question of negligence on behalf of Mr. Simonton. By his own testimony he admitted that he saw the Wheeler vehicle begin making its left turn while he was at a distance where he had sufficient time to think about changing to the inside lane to make certain he would not collide with the Wheeler car. It is therefore evident that he had ample warning or notice that a vehicle was making a left turn across his path. He testified his first reaction was to pull into the left lane so that he would not have to stop in the event the left turning car did not complete its turn soon enough to clear the curb lane prior to the time his vehicle reached this point. The only logical deduction that can be drawn from this testimony is that Mr. Simonton did not take the correct precaution of slowing his vehicle immediately upon seeing a potential danger. Instead, he attempted to prevent any delay in his travel by merely changing lanes and maintaining his same speed. We believe that the testimony shows that he saw, or should have seen, the Wheeler vehicle in sufficient time to have immediately applied his brakes and avoided the collision. His failure to do so constitutes negligence which is a contributing cause of this accident.
We, therefore, find that the accident was caused by the joint and concurring negligence of Mr. Wheeler and Mr. Simonton, and the plaintiff, Betty H. Wheeler, who was a guest passenger in the automobile driven by Mr. Wheeler, should have judgment against all three defendants. The plaintiffs in the third party demand are precluded from recovery by the negligence of third party plaintiff, Felix M. Wheeler, Jr.
Mrs. Wheeler was eight and one-half months pregnant at the time of the accident. She testified that she was thrown against the side of the car door panel and suffered superficial contusions and bruises to her head and abdominal wall. These healed very rapidly and caused no permanent injury to plaintiff. The principal item of personal injury claimed by plaintiff is an award for her mental anxiety and concern for the well-being of the unborn child. Dr. Ernest P. Flake, the family doctor of Mrs. Wheeler, testified that the child was born two weeks late and that Mrs. Wheeler was very distraught and disturbed all during the thirty day period after the accident until the birth of the child. Fortunately, the child was born with no discernible defects caused by the accident.
This Court has allowed an award for damages for the mental anguish and anxiety of an expectant mother for the well-being of her expected child. Nomey v. Great American Indemnity Co., La.App., 121 So.2d 763 (2nd Cir., 1960). We are inclined to feel an award of $1,000.00 for Mrs. Wheeler is adequate for her pain, suffering and mental anguish caused by this accident.
For the foregoing reasons, IT IS ORDERED that the judgment appealed from be reversed and that there be judgment herein in favor of plaintiff, Betty H. Wheeler, and against the defendants, State Farm Mutual Insurance Company, Dan Alan Simonton and Preferred Risk Mutual Insurance Company, in solido, in the amount of $1,000.00, together with legal interest from date of judicial demand, and all costs of these proceedings. The fee of the medical expert, Dr. Ernest P. Flake, is hereby fixed at $50.00.
It is further ordered that there be judgment in favor of third party defendant, Dan Alan Simonton, and Preferred Risk Mutual Insurance Company, and against third party plaintiffs, Felix M. Wheeler, Jr. and State Farm Mutual Insurance Company, rejecting their demands.