HOOD, Judge.
Plaintiffs, Mr. and Mrs. Eric Joseph Reed, instituted this action for damages for personal injuries sustained by Mrs. Reed in an automobile accident. The suit was instituted originally against five defendants, but it was dismissed as to three of them, leaving Mrs. Anna T. Chargois and Great American Insurance Company as the sole remaining defendants. Judgment was rendered by the trial court in favor of defendants, and plaintiffs have appealed.
This suit was consolidated for trial with the case of Lucy H. David and Joseph R. David v. Houston Fire & Casualty Insurance Co., et als., 242 So.2d 1, which arose out of the same accident. We are rendering judgment in both of these companion cases on this date.
For the reasons which were assigned in the David case, we conclude that Mrs. Anna T. Chargois was negligent, that her negligence was a proximate cause of the accident, and that she and her insurer, Great American Insurance Company, are liable to plaintiffs for the damages which they sustained in that accident.
As a result of the collision, Mrs. Reed sustained a number of injuries, including a laceration of the right knee, two puncture wounds of the right anterior leg, a laceration of the right eyelid, a cervical sprain, a sprained back, and multiple contusions. In addition thereto, two of her lower teeth were fractured and had to be extracted. She was wearing a partial dental appliance at the time of the accident because of a congenital condition of her lower jaw. Due to the loss of the above-mentioned fractured teeth, it became necessary to replace this partial appliance with a full lower denture.
The treatment administered to Mrs. Reed for these injuries consisted of hospitalization for five or six days, the administration of muscle relaxing drugs, injections of cortisone, some pain relievers, and drugs for nervousness. Traction was applied for her neck injury while she was in the hospital, and she applied traction in her home from time to time for several months thereafter.
Mrs. Reed suffered a post traumatic psychosis as a result of the accident, which has caused her to be more nervous, and it perhaps has tended to make her neck complaints worse. She experienced some numbness in her right hand and arm for several months. She was disabled from doing her housework for a period of about six weeks, and she was partially disabled for six or eight months. She was enrolled as a student at the University of Southwestern Louisiana at the time the accident occurred, and was compelled to drop out of school because of her injuries. She resumed her studies two years later, and in due course received her degree and obtained a job teaching school. The evidence indicates, however, that she had recovered sufficiently from her injuries to enable her to return to school within a few weeks *8 or months after the accident occurred if she had chosen to do so.
Considering the nature of Mrs. Reed’s injuries, and particularly the loss of her teeth, we think an award of $7,000.00 as general damages is adequate.
Medical expenses for the treatment of Mrs. Reed’s injuries amounted to $1,568.16. The community-owned automobile in which she was riding had a value of $965.00, and it was totally demolished. It was necessary for Mrs. Reed to obtain household help for two or three days a week, at a cost of $5.00 per day, for six weeks following the accident, all of which amounted to $75.00. And, Mrs. Reed lost clothing and other personal articles having a value of $130.00. Mr. Reed is entitled to recover for these items of special damages, all of which amount to the sum of $2,738.16.
Plaintiffs claim a substantial sum for loss of wages suffered by Mrs. Reed because of her injuries. The evidence shows, however, that she was not employed when the accident occurred and we are unable to speculate with any degree of accuracy as to how much more she would have earned if her college education had not been temporarily interrupted because of her injuries. For that reason we conclude that no award should be made for that item of damages.
As pointed out in the opinion which we rendered in the David case, supra, Louis A. Domingue and his employer and insurer were named as defendants in this suit originally. We found that Domingue also was negligent, and that he was liable, in solido, with Mrs. Chargois for the damages sustained by plaintiffs. Mr. and Mrs. Reed entered into a compromise settlement with Domingue pending the trial, however, so plaintiffs are entitled to recover from the remaining tortfeasor, Mrs. Chargois (and her insurer), only one-half the damages which they sustained. See Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir. 1964).
For the reasons herein set out, the judgment appealed from is reversed insofar as it rejects plaintiffs’ demands against defendants for damages, and judgment is hereby rendered in favor of plaintiff, Mrs. Juanita W. Reed, and against defendants, Mrs. Anna T. Chargois and Great American Insurance Company, in solido, for the sum of $3,500.00, with legal interest thereon from date of judicial demand until paid. Judgment is also rendered in favor of plaintiff, Eric Joseph Reed, and against defendants, Mrs. Anna T. Chargois and Great American Insurance Company, in solido, for the sum óf $1,369.08, with legal interest thereon from date of judicial demand until paid, and for all costs of this suit. In all other respects, and except as herein specifically reversed or amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants, Mrs. Anna T. Chargois and Great American Insurance Company.
Affirmed in part, and reversed in part.