312 So.2d 875 (1975)
Mrs. Olga Ordonez Garcia, divorced wife of Ismael ORDONEZ, Sr., Individually and as Administratrix of the Estate of her minor son Ismael Ordonez, Jr., and Mrs. Olga Ordonez Garcia, present wife of and Rolando Garcia.
v.
MARYLAND CASUALTY COMPANY.
No. 6797.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
*876 Cockfield & Gravolet, James C. Cockfield, New Orleans, for plaintiffs-appellants.
Robert J. Neal, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and STOULIG, JJ.
STOULIG, Judge.
Plaintiffs, Mrs. Olga Ordonez Garcia, individually and as tutrix of her minor son Ismael Ordonez, Jr.,[1] and Rolando Garcia, have appealed as inadequate a judgment awarding general and special damages incurred as the result of an intersectional collision. Defendant, Maryland Casualty Company, has not challenged the determination of liability by answering the appeal; therefore only quantum is at issue.
Appellants' first request that the bodily injury awards be increased is denied because there is no evidence in the record reflecting the trial judge abused the much discretion vested in him by C.C. art. 1934(3). Under the Gaspard[2] line of jurisprudence interpreting this article, appellate courts should only modify Grossly inadequate or excessive awards.
The injuries incurred by Rolando Garcia and Ismael Ordonez, Jr., in the July 15, 1972 accident were minor. For a cervical strain to Rolando Garcia that became asymptomatic within approximately two weeks, $500 in general damages were awarded. Quantum of $250 was given to Ismael Ordonez, Jr., to compensate for a brief episode of vomiting, headaches and abdominal pain that subsided within five days of the accident. Both claimants were adequately compensated for their injuries.
Mrs. Garcia suffered a cervical and lumbosacral strain as a result of this accident. When the collision occurred, she was pregnant. Seeking assurance that the five-month advanced fetus suffered no ill effects from the impact, she immediately consulted and was advised by her obstetrician that her unborn baby was unharmed.
Mrs. Garcia was treated by Dr. Vernon Kroll, a general surgeon, for her neck and back complaints from July 18 through September 21, 1972, at which time her physiotherapy was discontinued because of her advanced pregnancy. About one month following the birth of her child, she returned to Dr. Kroll and was discharged after three visits in December 1972.[3] An award of $3,000 is well within the bounds of the trial judge's discretion; therefore we will not disturb it.
*877 Plaintiffs' next complaint of error concerns the fees of Dr. Kroll, which he testified were: $90 for Rolando Garcia; $185 for Mrs. Olga Garcia; and $50 for Ismael. The judgment on this item gave $55 to Rolando Garcia; $135 to Mrs. Olga Garcia; and $35 toward the bill of Ismael Ordonez, Jr. Because medical reports were written for the benefit of plaintiffs' attorney on all three patients, the trial judge disallowed a portion of Dr. Kroll's fee in each instance. This was error. Medical expenses incurred to assist an attorney to prepare for trial are not compensable as an element of damage, but in this case Dr. Kroll testified his initial $35 fee for consultation and examination would be the same whether or not he was asked to render written reports.[4] He stated it is his policy to charge for medical reports if he examines a claimant for evaluation only; however, he does not bill for reports if he is the treating physician. We amend the judgment to reimburse plaintiffs for the full amount they were charged by Dr. Kroll.
Another item of medical expense not allowed was a charge by East Jefferson General Hospital for $27.50 for emergency treatment. A subpoena duces tecum directed to the hospital was not served (the reason for this omission does not appear in the record), but the emergency room record of Mrs. Garcia was admitted into evidence by stipulation. This document states, inter alia, the total charge was $27.50. It suffices to prove this item of damage and the judgment will be amended to include it.
The third complaint of error is directed toward the trial court's failure to award Mrs. Garcia the wages she lost as a result of this accident. We agree with this ruling because the evidence suggests she did not work after the accident, just as she had not worked for two weeks before the accident, because transportation was a problem and because as she stated, "I didn't feel too good at all."
Mrs. Garcia had been employed as a typist by a finance company for 12 years. On April 15, 1972, she began working on a part-time basis[5] and this continued through June 30, 1972. We find no basis for reversing the trial judge's apparent conclusion that her injury was not what motivated her to discontinue part-time employment.
We next consider the trial court's action in rejecting the property damage claim of Rolando Garcia. Defendant argues Garcia is precluded from recovering the property damage to his vehicle because of his failure to assert this claim in his petition. On the trial, plaintiff attempted to establish the cost of repair by introducing a written estimate prepared by an employee of Bohn Ford. It was properly excluded as hearsay evidence because plaintiff failed to call as a witness the man who made the estimate or to explain why he was not available to testify. However, defendant introduced in evidence an estimate of an appraiser stating the cost of repair would exceed the present value of Garcia's 1964 Ford automobile. Assuming arguendo it is necessary to specially *878 plead this item of damage of recover, the deficiency was cured when defendant introduced the estimate in evidence. Since the record proves the vehicle is a total loss, we remand this matter to establish what the value of this car was on the date of the accident so that Rolando Garcia's judgment may be adjusted to include this amount.
Finally we consider plaintiffs' request we assess an expert fee for Dr. Kroll. Defendant resists, arguing this item should be considered in a subsequent rule to tax costs. We disagree. A rule to tax costs may not be necessary and in the interest of judicial economy, we award Dr. Kroll a fee of $100 for his expert testimony in this matter.[6]
For the reasons assigned the judgment appealed from is amended and recast so as to read: it is now ordered there be judgment in favor of plaintiff Rolando Garcia individually for $500 general damages and $125[7] special damages; in favor of plaintiff Rolando Garcia as head and master of the community for $327.50 special damages ($247.50[8] for Mrs. Garcia; $80[9] for Ismael); in favor of plaintiff Olga Ordonez Garcia individually for $3,000; and in favor of Olga Ordonez Garcia, as administratrix of and for the use and benefit of her minor son Ismael Ordonez, Jr., for $250. It is further ordered defendant, Maryland Casualty Company, pay an expert fee of $100 to Dr. Vernon Kroll. It is further ordered this matter be remanded for the limited purpose of adducing evidence to establish the value of the Garcia vehicle on the date of the accident. In all other respects the judgment appealed from is affirmed. Defendant is to pay all costs.
Judgment amended in part and recast; remanded in part.
NOTES
[1] A child of Olga Garcia's marriage to Ismael Ordonez, Sr., from whom she is now divorced.
[2] Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
[3] Mrs. Garcia's history of medical treatment reflects office consultations and/or physiotherapy on July 18, 20, 27, August 3, 24, 31, September 7, 21, December 7, 14 and 21, 1972.
[4] Though he apportioned $15 of this fee for the report, he testified that his initial charge would be the same whether or not the report was ever rendered.
[5] At this time her family moved to a distant suburb of New Orleans. She and her husband had some form of federal government assistance in buying their home and she testified the monthly payments were geared to their income. She explained if she continued to work the house payments would increase and therefore it was to her economic advantage to change the character of her employment from full-time to part-time.
[6] C.C.P. art. 2164.
[7] Doctor bill $90, x ray $35.
[8] Doctor bill $185, emergency room $27.50, x-ray $35.
[9] Doctor bill $50, x ray $30.