360 So.2d 271 (1978)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
Joseph BRANCH, Gladys Trepagnier and Gerald Armstrong.
No. 9034.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 1978.
*272 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Thomas M. Nosewicz, New Orleans, for plaintiff-defendant in reconvention-appellant.
Orlando G. Bendana and Wayne H. Carlton, Jr., New Orleans, for defendants-plaintiffs in reconvention-appellees.
Before REDMANN, GARSAUD and DeSONIER, JJ.
DeSONIER, Judge.
South Central Bell Telephone Company and their employee appeal as to quantum from a judgment rendered against them for personal injuries, medical expenses and loss of earnings by three defendants.[1]

Judgment was rendered as follows:
GLADYS TREPAGNIER
General damages --------------- $2,250.00
Dr. Reyes --------------------- 126.00
X-rays ------------------------ 186.00
Therapy ----------------------- 525.00
Drugs ------------------------- 8.73
Diminished earning capacity ---- 200.00
 _________
 TOTAL ----------- $3,290.73
GERALD ARMSTRONG
General damages --------------- $1,500.00
Dr. Reyes --------------------- 109.00
X-rays ------------------------ 146.00
Therapy (through May 5th) ----- 300.00
Diminished earning capacity
(3 months at $500.00) --------- 1,500.00
 _________
 TOTAL ------------- $3,555.00
JOSEPH BRANCH
General damages --------------- $1,500.00
Dr. Reyes --------------------- 109.00
X-rays ------------------------ 164.00
Therapy ----------------------- 525.00
Diminished earning capacity ---- 750.00
 _________
 TOTAL ----- $3,048.00.

Appellants contend the awards for personal injuries and the charges for physical therapy are excessive, and the awards for diminished earning capacity are unwarranted.
Following the accident of March 12, 1976, Ms. Trepagnier consulted Dr. Raul G. Reyes. She was seen by him on March 17, June 11 and 18, for injuries to the neck, head and back, and discharged on June 25, 1976. Treatment consisted of medication and physical therapy. She was examined on May 18, 1976 by Dr. Harold G. Stokes, a *273 defendant orthopedic specialist. He concluded she may have sustained cervical and lumbar spine strains as a result of the accident, although he found "no evidence of nerve root compression or irritation and no mechanical basis for continued pain" (as to any of the three defendants).
Over a three-month, six-day period she received thirty-five physical therapy treatments, at $15 per treatment. Dr. Reyes advised Ms. Trepagnier to check with him every two weeks to determine her progress but, after the first visit, she did not return for over twelve weeks, during which time she continued physical therapy. The doctor did not approve of this and apparently did not know she was receiving therapy over the entire period. He strongly disapproved of such treatment without consultation with him every two weeks. There is evidence that although physical therapy may be beneficial for three or four weeks, after that period it could have a detrimental effect. In view of such testimony, we believe the award for physical therapy should be reduced from $525 to the sum of $105 for the first two weeks of therapy.
The $2,250 award for general damages is within the trial judge's "much discretion", Civil Code Art. 1934(3), for cervical and lumbar strain of over three-months duration.
As to the award for diminished earning capacity, Ms. Trepagnier had just been employed the day of the accident as a substitute teacher. She earns $22 per day. The accident occurred on a Friday as she was returning from the school board offices. She had been advised to phone the office Sunday to determine what school to report to on Monday. She did not work until Friday of the following week because of the accident. At the end of that time she went back to work. She missed additional time during the period she was under the doctor's care, but was not sure how much, although she thought it was about three weeks. Dr. Reyes stated Ms. Trepagnier's symptoms were such that she could have remained out of work the entire sixweek period.
Defendants' position is that she was only a substitute teacher and therefore did not work steadily. In our opinion the award of $200 takes this into consideration and is not excessive or unreasonable under all of the circumstances.
Gerald Armstrong was treated by Dr. Reyes for neck and back strain on March 17, April 2 and 9, 1976. An emotional overlay interfered with treatment. Although he was not discharged, he discontinued visits to Dr. Reyes but continued with physical therapy, receiving twenty additional treatments after April 9, until September 20, 1976. Dr. Reyes did not approve and strongly opposed therapy without medical supervision. Dr. Stokes examined Armstrong on May 8, 1976 and Armstrong was seen by Dr. Hoerner, an orthopedic surgeon on October 27, 1976. Dr. Stokes again conceded that Armstrong may have sustained cervical and lumbar strain as a result of the accident. We find the trial court award of $1,500 is within its sound discretion.
The award for physical therapy does not condemn appellant to pay for the excessive treatment plaintiff received until September 20, 1976. It is clear from the judgment that the charges intended to be approved by the court are for therapy only until May 5, 1976, for which the actual total is $240. However, on April 9, Dr. Reyes told Armstrong to return in one week (which he did not do), and the patient should not recover for his self-prescribed therapy after that week ending April 16, at which time total charges were only $120.
Evidence relative to Armstrong's earning capacity is that he was enrolled in a four-year-trainee program at Delgado College, working for Fischback & Moore as an electrical apprentice and attending college two nights per week. He received wages of $4.37 per hour for 40 hours per week. Armstrong had enrolled in the program in March, 1975, flunked the first term, repeated and passed, and failed the second term.
*274 After January 27, 1976, six weeks before the accident, he did not report for work for reasons unexplained, and never again returned to electrical work. He missed four nights of school, of which two (March 15 and 17) were near the time of the accident. He was dropped from the program for nonprogression on June 8, 1976.
Since there is nothing in the record to indicate the accident was the cause of Armstrong's leaving the employ of the electrical firm, and since it is established that he accepted employment elsewhere (at a gift shop) by April 2, 1976, we find insufficient proof in the record to sustain an award for diminished earning capacity.
The trial court award for diminution of earning capacity is based on the theory that an unemployed injured party should receive an award for loss of capacity to earn, and that the time belonged to the injured party, who has a right to work and earn money.[2] We agree that a person who regularly works, but who happens to be unemployed at the time of a disabling accident, suffers a loss of, and is entitled to special damages for, the wages he would probably have earned but for the accident. It is, however, the plaintiff's burden to prove what his probable earnings would have been, and Armstrong did not prove any probable earnings. The law in this state is that where a tort victim has been unable to offer proof of lost wages, he cannot recover therefor.[3]
In the instant case the reason Armstrong chose not to work had nothing to do with the accident, and we find no basis for recovery. Thus, we disallow the award of $1,500 for three months loss of earning capacity.
Joseph Branch was treated by Dr. Reyes for injuries to the neck, back, arm and shoulder. He was examined on March 17, July 11, and discharged July 23, 1976. He was examined by Dr. Stokes on April 28, 1976. Dr. Stokes once again agreed that Branch may have sustained cervical and dorsal spine strain and contusion to the right elbow as a result of the accident, but that he could work in an unrestricted manner, and there were no objective findings.
The award of $1,500 for general damages is within the trial court's "much discretion", C.C. Art. 1934 (3).
Concerning the physical therapy, Branch received therapy from March 18 through July 1, 1976. We conclude Dr. Reyes advised therapy, but expected Branch to be examined by him every two weeks. Dr. Reyes does not approve of therapy for extensive periods without periodic examinations by the physician. Consequently, it appears that the prolonged therapy was not approved by the doctor. We are thus of the opinion that Branch is not entitled to recover for the full charges for therapy treatment from the tort-feasors. We reduce the therapy award from the sum of $525 to the sum of $105 for the first two weeks.
Nor do we agree with the award of $750 to Branch for diminution of earning capacity. Branch was unemployed at the time of the accident. He had been fired from his job as supervisor of a crew cleaning job sites at a federally funded program for people who were otherwise unemployed, for gambling on the job. He was terminated following his arrest on February 27, 1976, several weeks before the accident. He moved to Georgia where he went to work as a barber.
We find insufficient proof in the record to sustain an award for diminution of earning power, and accordingly disallow the $750 award to Mr. Branch for that item.
For the reasons assigned, the judgment appealed from is amended to reduce the total amount of the award to Gladys Trepagnier from the sum of $3,290.73 to the sum of $2,875.73; to reduce the award to Gerald Armstrong from the sum of $3,555 to the sum of $1,875; and to reduce the total amount of the award to Joseph
*275 Branch from the sum of $3,048 to the sum of $1,878. As thus amended, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] South Central Bell instituted the suit against three defendants to compel them to submit to a physical examination for injuries allegedly received when a South Central Bell truck, driven by its employee, David Johnson, "rear-ended" a Volkswagen in which defendants were riding. Defendants answered and reconvened for damages for personal injuries against South Central Bell and the driver, Johnson.
[2] 22 Am.Jur.2d, § 100.
[3] Plescia v. Dunham, La.App., 319 So.2d 812; Reed v. Great American Insurance Company, La.App, 242 So.2d 6.