379 So.2d 1213 (1980)
Louise Levier JOLIVETTE, Plaintiff-Appellant,
v.
SAFECO INSURANCE COMPANY, Defendant-Appellee.
No. 7419.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
*1214 Boagni & Genovese, Kenneth Boagni, Jr., Opelousas, for plaintiff-appellant.
Franklin, Moore & Walsh, R. Michael Caldwell, Baton Rouge, for defendant-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
SWIFT, Judge.
Plaintiff, Louise Jolivette, filed this tort action against Safeco Insurance Company to recover damages for injuries allegedly sustained as a result of a rear-end collision.
The manner in which the accident occurred is undisputed.
On August 17, 1976, plaintiff, then several weeks pregnant, her sister-in-law and her niece were traveling north on Academy Street in Opelousas, Louisiana. Plaintiff brought her automobile to a stop for a stop sign and it was struck from the rear by a vehicle driven by the defendant's insured, a Mr. Clay. Mrs. Jolivette then drove on to her sister-in-law's house where she discovered a pinkish vaginal discharge. Concerned about her pregnancy, she made an appointment to see her family physician, Dr. Emile Ventre. The examination revealed nothing significant. However, the plaintiff complained of headache, neck and back pains and vaginal bleeding. Approximately six weeks after the accident, she spontaneously aborted.
After trial on the merits, the judge found that the abortion was not caused by the accident, but judgment was rendered in favor of plaintiff for general damages in the amount of $650.00, together with $240.00 for lost wages and $411.47 for medical and drug bills. A new trial (limited to the issue of quantum) was granted and thereafter the award for general damages was increased by $500.00 to the sum of $1150.00. It is from this judgment that plaintiff has appealed.
The errors specified by appellant are the amount of the judgment for general damages and that no sums were awarded for loss of the fetus and the hospital bill incurred as a result of the miscarriage.
The trial judge specifically noted in his written reasons for judgment that the plaintiff failed to carry her burden of proof that the accident caused her to miscarry. Dr. Ventre, a general practitioner, testified that her uterus enlarged greatly over a period of a week and it was possible she might have received a blow to the abdomen which could have aborted her, "but I can't say that it was probable or likely, because I really found nothing to indicate that." Dr. Floyd M. Hindelang, Jr., an obstetrician and a gynecologist who performed a D & C when plaintiff's pregnancy was terminated, testified he was unable to tell what caused her abortion. He said that while trauma could cause a miscarriage, this was "a very remote possibility". The doctor concluded that "the accident probably had no relationship to the abortion."
*1215 When there is evidence before the trier of fact which upon its reasonable evaluation of credibility furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding unless the record reveals it is clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court's finding that the accident did not cause plaintiff's miscarriage is amply supported by the record, which reveals no manifest error. Therefore, damages for the loss of the fetus, the pain and suffering sustained and the medical and hospital expenses incurred by reason of the miscarriage were properly denied.
Next, plaintiff asserts that the trial judge abused his discretion in granting Mrs. Jolivette only $1150.00 for her pain and suffering from the injuries she received in the collision which were not related to the abortion and also for her mental distress over the condition of the unborn fetus.
The record reveals that Mrs. Jolivette suffered headaches and neck and low back pain as a result of the accident. Dr. Ventre testified that her complaints of back and neck pain were consistent with this type of accident. Based on his examination in which nothing significant was noted except mild signs of spasm and mild limitation of motion, the doctor said the back injury was ". . . mild to moderate. Certainly it was not severe. It was mild I would say." X rays taken after the miscarriage did not reveal any bony abnormalities. Dr. Ventre treated her for a period of about eleven weeks, during which she regularly obtained diathermy or heat treatments to the areas of her spine of which she complained.
It is evident that the plaintiff was also concerned about her unborn child. This was reflected in her testimony regarding various incidents of "spotting" after the accident up until the time of her miscarriage. Dr. Ventre testified that she was nervous and agitated about this at initial examinations after the accident, but gradually calmed down.
Adhering to the guidelines for reviewing courts set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) and Reck v. Stevens, 373 So.2d 498 (La.1979), we find that under the facts and circumstances of this case the award of $1150.00 for general damages was inadequate and constituted an abuse of the trial judge's "much discretion".
As stated in Coco at page 335, it is only after making that finding that the appellate court can disturb the award, "... and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court". And in Reck at page 501, "Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case."
Having made the determination that the award is too low, we have examined prior awards in similar cases, taking into consideration various changes in our society, most particularly rampant inflation in recent years.
With regard to the plaintiff's physical pain and suffering, we conclude that the lowest amount reasonably within the trial judge's discretion was $1250.00. South Central Bell v. Branch, 360 So.2d 271 (La. App. 4 Cir. 1978) ($2250.00 and $1500.00); Ritter v. Thornton, 309 So.2d 750 (La.App. 4 Cir. 1975) ($1500.00); Ordonez v. Maryland Casualty Company, 312 So.2d 875 (La.App. 4 Cir. 1975) ($3,000.00).
Also, we have reviewed awards for mental anguish and concern by mothers over the possibility of injuries to their unborn children and believe the minimum award for this in the instant case would be $1250.00. See Muller v. Herrin Motor Lines, 184 So. 406 (La.1938), in which over forty years ago the court gave a wife $750.00 for contusions, bruises and such mental suffering (apparently, $440.00 for the latter). More recently, in Warr v. Kemp, 208 So.2d 570 (La.App. 3 Cir. 1968), *1216 plaintiff was awarded $1500.00 for whiplash and $600.00 for fear of miscarriage. Considering their facts and the greater purchasing power of the dollar when decided, other cases have allowed comparable amounts for mental anguish. Bee v. Liberty Mutual Insurance Company, 165 So.2d 73 (La.App. 4 Cir. 1964) ($1500.00 for pain and mental anguish); Wheeler v. Simonton, 215 So.2d 359 (La.App. 2 Cir. 1968) ($1000.00 for pain, suffering and mental anguish); Valence v. Louisiana Power and Light Co., 50 So.2d 847 (Orl.App.1951) ($750.00).
For the above reasons, the judgment of the court below is amended to increase the award to the plaintiff-appellant for her physical pain and suffering and mental anguish from $1150.00 to $2500.00 and as so amended it is affirmed. All costs are assessed to defendant-appellee.
AMENDED AND AFFIRMED.