WILLIAMS, Judge.
This is an appeal from an award of damages to plaintiff-appellee, Verna Dauzat Ducoing, under the uninsured motorist provision of her automobile liability insurance policy, carried with defendant, State Farm Mutual Automobile Insurance Company, [hereinafter “insurance company”] as a result of a collision occurring on October 11, 1977. The other motorist, Clifford Carter, Jr., also made defendant herein, was without liability insurance at the time of the accident. The trial court awarded plaintiff $10,000.00 in damages to cover her special and general claims for damages, plus legal interest from date of demand and costs of the proceedings below.
Although defendant insurance company urged four errors on appeal, we find that there are only three issues we must decide. First, did the trial court err in determining that plaintiff had sustained her burden of proof showing defendant Carter to be negligent; secondly in finding, as a matter of law, that he was also uninsured at the time of the accident; and, finally, did the trial court award an excessive amount of damages?
The collision occurred in the City of New Orleans at the intersection of Esplanade Avenue and Moss Streets, adjacent to Bayou St. John. It was approximately 7:45 a.m. and was raining steadily. Plaintiff was proceeding in a westerly direction on Moss Street, intending to cross Esplanade Avenue toward Canal Street. Defendant Carter was travelling south on Esplanade Avenue toward the Mississippi River away from City Park.
Plaintiff had stopped at a stop sign, observed that the way was clear and had crossed three of the four lanes of Esplanade Avenue when defendant hit her right rear fender with such force that it spun her car around. As a result, plaintiff suffered soft tissue injuries to her neck, back, shoulder and arm requiring continuing medical attention for approximately ten months. Defendant and his two passengers were not seriously injured in the collision.
The determination of whether plaintiff has sustained her burden of proof is a matter of judging the credibility of the witnesses and their testimony, together with the evidence presented, all of which is to be determined by the trier of fact, in this case, the trial court.
Plaintiff testified at trial as the only witness. Defendant insurance company introduced and filed into evidence the deposition of a Ms. Trena Fortune, one of defendant Carter’s passengers because, she could not be found to testify at trial. Defendant Carter was also absent, and neither was he deposed.
The main conflict between the plaintiff’s testimony and that of Ms. Fortune was *675 whether plaintiff had stopped at the stop sign on Moss Street. Fortune’s deposition contradicted plaintiffs testimony, but after reading all pertinent parts of her deposition, it is clear that Ms. Fortune equivocated and was not sure if plaintiff had stopped.
In its reasons for judgment the trial court stated in part (R. 30):
... The Court is mindful of the statements attributable to one, Ms. Trena Fortune. Counsel for defendant, State Farm Mutual, characterizes her as without bias or interest and having stated “unequivo-cably” that plaintiff had “run the stop sign.”. This Court rejects both representations. This Court believes that Ms. Fortune would likely testify in favor of defendant, with whom she was riding . and this Court having read the pertinent portions of her deposition find that she does equivocate when she could well have stated her position resolutely.... This Court has considered all of the testimony (both “live” as well as by deposition) and the Court concludes that but for the negligence of the defendant, Clifford Carter, Jr., this accident would not have occurred. This Court is mindful of the fact that there is no testimony of Mr. Carter in the record. However, this Court is so impressed by the testimony of Ms. Ducoing, [plaintiff] particularly regarding the care with which she proceeded across the intersection, that the only logical conclusion is that Mr. Carter caused the accident....
. .. This Court found her [plaintiff] explanation of the events that led up to the crash to be compelling.
After a review of the record we find that there was no abuse of discretion committed by the trial court in finding for plaintiff. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Additionally, the trial court concluded that defendant Carter was uninsured from the introduction into evidence of an affidavit from the Department of Public Safety stating that the defendant, Carter, was uninsured.
The second issue before us concerns the amount of damages awarded. The trial court has “much discretion” in setting its award. Pemiciaro v. Brinch, 384 So.2d 392 (La.1980); Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974). For this court to reduce the award, we must find that the trial court clearly abused its discretion. Wilson v. Magee, 367 So.2d 314 (La.1979); Carollo v. Wilson, 353 So.2d 249 (La.1977); Ferguson v. State Farm Fire & Casualty Co., 398 So.2d 72 (La.App. 4th Cir.1981); Jolivette v. Safeco, Ins. Co., 379 So.2d 1213 (La.App. 3d Cir.1980); Green v. Clark, 306 So.2d 396 (La.App. 4th Cir.1975). We fail to see any clear abuse on the part of the fact-finder in this case.
Plaintiff was under medical care for ten months following the accident. She underwent nineteen diathermy treatments, consulted with three doctors, including a neurosurgeon. Plaintiff, almost seven months after .the accident, spent nine days in the hospital in traction, due to her injuries. Her total medical charges were approximately $3,200.00. Plaintiff testified she. continued to suffer significant discomfort thereafter up until the date of trial some four and one-half years later. We think the trial court’s award of $10,000.00 of total damages, including $6,800.00 in general damages for her pain and suffering, is not excessive, nor is it an abuse of its much discretion. Wilson, supra.
We affirm the judgment of the trial court and assess all costs of this appeal to defendant-appellant.
AFFIRM.