DOMENGEAUX, Chief Judge.
Carolyn Sam was seven months pregnant when she was involved in a car accident with Iza Rogers on December 15, 1984. Nine days later, Mrs. Sam experienced the onset of labor, and four days after that, her baby was delivered approximately six weeks prematurely.
As a result of these events, Mrs. Sam and her husband, Melvin Sam, filed suit on their own behalf and on behalf of their minor daughter, Tamika Sam, against Iza Rogers and her insurer, State Farm Mutual Automobile Insurance Company. Plaintiffs alleged in their petition that the accident caused the premature birth of Tamika, entitling her to damages for the physical pain and suffering of an early delivery. Plaintiffs also sought damages for their own mental anguish, plus the lost wages, pain and suffering, and medical expenses incurred by Carolyn Sam.
After a jury trial, judgment was rendered in favor of Carolyn Sam for the sum of $60.00. The jury found Rogers was solely at fault in causing the accident, but further found that the accident did not cause the premature birth of Tamika. The $60.00 award represents reimbursement for Mrs. Sam's emergency room expenses.
On appeal, plaintiffs contend the trial court erred in refusing to grant a continuance and in denying their motion for a new trial. Plaintiffs also assert that the jury verdict is contrary to the law and evidence. Defendants answered the appeal, complaining of the trial court’s assessment of costs. We affirm, but with amendment of the award of damages.
I. CONTINUANCE
Trial of this matter was originally set for March 7, 1988.[1] The parties were notified of the trial date in September of 1987 and a pretrial conference was held in October. Although the record does not contain any subpoena requests or returns, it is apparent that both sides waited until February to issue subpoenas for their witnesses. Approximately 10-14 days before trial, all parties were made aware of the fact that three doctors and one police officer would be unavailable to testify at trial: the treating obstetrician, the treating neonatologist, and the emergency room attending physician, plus the officer who investigated the accident. Plaintiffs immediately moved for a continuance, which the court did not rule on until the morning of trial, at which time the motion was denied.
La.C.C.P. art. 1602 makes the granting of a continuance mandatory in certain circumstances:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
Several conditions must be met, however, before art. 1602 can be applied. The witness must be a material witness, and he must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke art. 1602. The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Herb's Machine Shop, Inc. v. John Mecom Co., 426 So.2d 762 (La.App. 3rd Cir.1983), writ denied, 430 So.2d 98 (La.1983); Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980).
Although a subpoena was issued, no service was obtained on the investigating police officer. Plaintiffs did not demon *1003 strate that the officer was a material witness nor did they exercise due diligence in locating the officer. Although he did investigate the accident, the officer’s knowledge would have been limited to facts which he saw after the collision, and it is doubtful he could have established the manner in which the accident occurred since neither vehicle remained at the point of impact. Furthermore, although the record does indicate that the officer is no longer employed by the Lafayette City Police Department, any further attempts by the plaintiffs to locate the officer are not documented in the record.
Dr. R. Villie was the emergency room physician who examined Mrs. Sam on the day of the accident. He was not deposed by either party, but his examination report was made a part of the record. Plaintiffs made no showing that Dr. Villie was a material witness whose testimony could shed any light on the question of whether the automobile accident caused Mrs. Sam’s premature delivery. The record shows that Dr. Villie now resides in New Orleans. His unavailability was not contrived by the plaintiffs, yet art. 1602 does not come into play because Dr. Villie was not shown to be a material witness.
Mrs. Sam’s treating obstetrician was Dr. Robert Fell, who now resides in Kentucky. Dr. Fell’s deposition was taken by the defendants long before trial and plaintiffs’ counsel participated in that deposition. The use of Dr. Fell’s deposition at trial was proper under La.C.C.P. art. 1450(A)(3) which provides for the use of a properly noticed and conducted deposition when the deposed witness is unavailable for trial.
Plaintiffs’ counsel offered Dr. Fell’s deposition in evidence presumably because some medical evidence was better than none. However, it is apparent that plaintiffs’ counsel would have cross-examined the physician more thoroughly at trial than she chose to do at the deposition. That, however, is beside the point. Article 1602 requires a showing of both materiality and due diligence in obtaining the material evidence. While it is clear that the treating physician is a material witness, the record is void of any evidence which would indicate his materiality beyond that already contained in the deposition. A mere assertion to that effect by counsel is insufficient. Burgess v. City of Baton Rouge, 477 So.2d 143 (La.App. 1st Cir.1985).
Furthermore, plaintiffs did not illustrate due diligence in obtaining further testimony from Dr. Fell. While we certainly do not condone the trial court’s delay in ruling on the motion for a continuance, we likewise cannot condone the inaction of plaintiffs’ counsel in securing further testimony. See Herb’s Machine Shop, supra. Apparently no efforts were made to take even a telephone or written deposition which would have involved minimal time and expense.
A similar situation arose with Dr. Jim Adams, plaintiffs’ treating neonatologist. Dr. Adams’ deposition was taken by the defense and plaintiffs’ counsel chose, as was her right, not to fully develop her case in cross-examination at that time. Both sides subpoenaed Dr. Adams to appear at trial. Approximately ten days before trial, and after receiving both subpoenas, Dr. Adams notified the parties that he would be unavailable for trial because of a previously planned trip to Europe. Plaintiffs’ counsel refused to release Dr. Adams from the subpoena and stated in the record that the doctor advised that he would contact the trial judge about the matter. Although the record is not clear, it appears that the trial judge released the doctor from the subpoena.
The trial judge committed error. There is no provision in our law which would allow a judge, sua sponte, to release a witness from a properly served subpoena. However, we do not believe the trial judge’s error warrants reversal of this case. The record indicates that Dr. Adams, regardless of his telephone conversation with the trial judge, would not have appeared at trial. As a factual matter, Dr. Adams was an unavailable witness. Therefore, in order for a continuance to be granted under art. 1602, plaintiffs must fulfill the materiality and due diligence require *1004 ments discussed above. Plaintiffs failed to meet that burden, just as they failed with respect to Dr. Fell. Dr. Adams’ deposition was properly substituted for his live testimony in this particular instance.
In the factually similar case of Brunet v. Wyble, 502 So.2d 241 (La.App. 3rd Cir.1987), this Court reversed the trial court’s award of damages and remanded the case to allow testimony of the treating physician. In the case at bar, testimony from the treating physician was already available and the plaintiff did not exercise due diligence in attempting to obtain further testimony. Therefore, the failure to grant a continuance, either a mandatory continuance under art. 1602 or a discretionary continuance under art. 1601, was not reversible error.
II. CAUSATION
Plaintiffs contend the jury verdict was contrary to the law and evidence with regard to the finding that Tamika’s premature birth was caused by the car accident. The deposition testimony of both Drs. Fell and Adams reveals the difficulty of pinpointing such a causal link. Dr. Fell said such a determination would be “strictly conjectural.” Dr. Adams attempted to locate the cause of an infection Tamika was born with, but his findings were “noncon-clusive.” He did state that a trauma to the mother can be related to a rupture of the membranes which contain the baby, which rupture can ultimately result in infection. We do not believe, however, that plaintiffs proved the cause of Tamika’s premature birth by a preponderance of the evidence. We therefore affirm the jury verdict on this issue.
III. QUANTUM
The Sams contend the jury erred in its total award of $60.00 to Mrs. Sam for emergency room expenses on the day of the accident. We agree.
Mrs. Sam’s uncontradicted testimony reveals that she was instantly concerned for the welfare of her unborn child at the time of the accident. She suffered a blow to the abdomen at the moment of impact and was unable to drive away from the scene herself.
After the accident, Mrs. Sam was driven to her mother’s home where she called Dr. Fell. Dr. Fell instructed her to go to the hospital for a pelvic examination. The emergency room physician found no signs that the pregnancy had been compromised, but recommended she follow up with her obstetrician and be very cautious, i.e., “a wait and see approach.” Likewise, Dr. Fell saw no immediate danger but described the situation as a wait and see type. In the meantime, he prescribed medication for back pain which resulted from the accident.
Melvin Sam also testified without contradiction that he was deeply concerned about the safety of his unborn child. When he returned home from work on the evening of the accident, he saw his wife distressed and in pain. When he learned of the accident, he, too, realized the danger to his child. j
Mrs. Sam’s physical suffering and worry concerning the welfare of her child are compensable damages. Likewise Mr. Sam, as the child’s father, is entitled to damages for his own mental anguish. LeJeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).
Louisiana has historically allowed damages for anxiety over possible injuries to, or abortion of, an unborn child. Valence v. Louisiana Power & Light Co., 50 So.2d 847 (La.App.Orl.Cir.1951). While there is some dispute in the jurisprudence as to whether such damages can be awarded to the father as well as to the mother, we believe the better rule is to allow both parents to recover. Jordan v. Fidelity & Casualty Co. of New York, 90 So.2d 531 (La.App. 2nd Cir.1956); Valence, supra. We cannot follow Warr v. Kemp, 208 So.2d 570 (La.App. 3rd Cir.1968) as it has, in effect, been overruled by LeJeune, supra.
For other cases awarding mental anguish damages for possible injury to, or abortion of, an unborn fetus, see also: Olivier v. Transcontinental Ins. Co., 93 So.2d 701 (La.App.Orl.Cir.1957); Wiley v. Sutphin, 108 So.2d 256 (La.App. 2nd Cir.1958); No *1005 mey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2nd Cir.1960); Rogillio v. Cazedessus, 122 So.2d 897 (La.App. 1st Cir.1960), modified on other grounds at 127 So.2d 734 (La.1961); Deshotels v. United States Fire Ins. Co., 132 So.2d 504 (La.App. 3rd Cir.1961); Davis v. New York Underwriters Ins. Co., 141 So.2d 673 (La.App. 1st Cir.1962); Bee v. Liberty Mutual Ins. Co., 165 So.2d 73 (La.App. 4th Cir.1964); Wheeler v. Simonton, 215 So.2d 359 (La.App. 2nd Cir.1968); Buckelew v. Plunkett, 242 So.2d 372 (La.App. 2nd Cir.1970); Jolivette v. Safeco Ins. Co., 379 So.2d 1213 (La.App. 3rd Cir.1980).
The testimony of Mr. and Mrs. Sam concerning their emotional damages and Mrs. Sam’s physical pain and suffering was un-controverted. Their fear for the child was real and medically warranted as illustrated by the medical testimony. The jury’s award of damages was manifestly erroneous. Our review of the record reveals that an award of $2,000.00 to Mrs. Sam for her pain and suffering is appropriate. Additionally, each parent is awarded $1,500.00 for their mental anguish and concern for the safety of their unborn child. Because we have found that Tamika Sam’s premature birth was not caused by defendant’s negligence, Tamika is not entitled to an award of damages. Furthermore, Mrs. Sam’s claim for lost wages must be denied because her absence from her job was related to childbirth, not the accident.
IV. COURT COSTS
State Farm contends that the trial court erred in assessing all costs against it in connection with this suit. A trial court is vested with great discretion in determining who is liable for costs of court. The court may assess costs against any party as it may consider equitable, even against the party prevailing on the merits. La.C.C.P. art. 1920; DB Orban Co. v. Lakco Pipe & Supply, Inc., 496 So.2d 1382 (La.App. 3rd Cir.1986).
A trial court’s assessment of costs can be disturbed only upon a showing of abuse of discretion. Orban, supra. Although State Farm prevailed on the main issue of causation, and further prevails against one of the three plaintiffs, we find that considering the overall circumstances of this case,' the trial court did not abuse its discretion.
V. CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is amended so as to render judgment in favor of Carolyn Sam in the amount of $3,500.00 and in favor of Melvin Sam in the amount of $1,500.00, each amount to bear judicial interest from the time of judicial demand until paid. The judgment is otherwise affirmed. Costs of the appeal are assessed against defendants.
AFFIRMED AS AMENDED.

. The parties refer in brief to a prior fixing of this matter for trial on the merits. However, the record reflects no prior fixings and no continuances throughout the litigation.