BAILES, Judge.
This is a tort action brought by Alice McBride as natural tutrix of her minor child, Henry Lee, and by Johnny Lee as the father of his minor child, Terry Lee, against John W. Raidt and his public liability insurer, State Farm Mutual Insurance Company. The petition alleges that the two minor children, Henry, age 14, and* Terry, age 12, were injured on Louisiana Highway 1 several miles- north of Napoleonville, Louisiana, at the settlement of Bertrandville, when the bicycle on which the boys were riding, Henry pedalling and Terry on the handlebars, was struck from the rear by the automobile being operated by defendant Raidt. Plaintiffs seek damages for the injuries the boys sustained through the alleged negligence of the defendant.
After trial on the merits and for written reasons judgment was rendered in favor of the defendants and against plaintiffs, rejecting their demands and dismissing their suit.
From this judgment plaintiffs have appealed. Though no explicit specifications of error were made, in appellants’ brief and oral argument objection was made to the factual conclusions drawn by the District Court from the evidence. The issue presented, therefore, is whether the District Court manifestly erred in its findings *300 of fact. After a thorough analysis of the evidence we can only conclude that it did not and thus the judgment rendered below will be affirmed.
The evidence presented in the court a quo relates two distinct and contradictory accounts of the accident. Uncontroverted, however, are the following facts. The accident happened at about S :30 o’clock on the afternoon of October 16, 1964, on Louisiana Highway 1 about two and one half miles north of Napoleonville, Louisiana. At this point Louisiana 1 runs approximately north and south, has a width of 24 feet, shoulders of approximately six feet, unobstructed visibility and a speed limit of 60 miles per hour. On the east side the highway is paralleled by a ditch at the edge of the shoulder and still farther east by Bayou Lafourche. On the western side of the highway is the small residential community of Bertrandville. Several small streets or lanes, which serve as the means of ingress and egress to the homes located there, intersect Highway 1 forming “T” intersections.
On the afternoon and at the time in question, defendant Raidt was driving his 1962 Mercury automobile north on Highway 1 toward his home at Jackson, Mississippi. Somewhere north of the first of the intersecting lanes, Bertrand Street, and south of the second, Skidmore Lane, defendant’s automobile struck the bicycle being ridden by Henry and Terry Lee.
Upon investigation by the State Highway Patrol it was found that the point of impact was on the outside edge of the northbound traffic lane, that Raidt’s automobile had left 106 feet of straight skid marks in his or the northbound traffic lane, and his automobile was stopped entirely within this traffic lane.
The account of the accident propounded by the plaintiff was presented by Matthew Bourgere and James Stewart. At the time of the accident both were standing, at different points, on the east side of the highway waiting to cross over to their homes on Bertrand Street.
Bourgere testified that he saw the two boys come out of Bertrand Street on their bicycle, cross the southbound lane at an angle and begin riding north on the right hand side of the highway. Bourgere started to cross the highway but did not because of an oncoming automobile. After the car passed he began his movement across but stopped when he heard brakes applied, turned and saw that an accident had occurred.
Stewart’s testimony was substantially to the same effect. As he neared the highway, having left his place of employment on the east side of Bayou Lafourche, he saw the boys exit from Bertrand Street, enter the highway, turn and ride up the right hand side of the road near the white line marking the highway’s outer eastern edge. After an automobile passed him and as he started to cross the highway he heard brakes screeching and looked to see the boys “flying through the air.”
Henry Lee was called to testify. He said that after buying cookies on Bertrand Street, he and his brother rode their bicycle to the intersection with Highway 1 where they stopped and looked up and down the highway for “two or three minutes”, after which they crossed the highway and began riding up the right side of the northbound traffic lane. Henry remembered nothing else about the accident. Terry Lee’s testimony corroborated these statements.
The account of the accident offered by the defendants was presented by the defendant, Mr. Raidt, Mr. John Nelson and Mr. Roland Bellows.
The defendant testified that he was driving north on Highway 1 at about 50 miles per hour. Just prior to the accident he noticed one car coming toward him in the southbound lane. He first saw the bicycle with the Lee boys on it as it darted across the west or left edge of the high *301 way. The bicycle angled north and entered his lane. He immediately applied his brakes and attempted to turn to the right but could not do so because his brakes were locked and he was skidding and unable to control the direction of his travel. He did not sound his horn because he said there was not time.
The southbound vehicle noticed by the defendant was driven by Mr. Bellows, who had as his passenger Mr. Nelson, both of whom were called by the defendants.
Mr. Bellows testified that as he was proceeding south he noticed a bicycle enter on the shoulder of the road to his right. It proceeded some distance on the shoulder and then angled across the road and into the path of Mr. Raidt’s automobile. Mr. Raidt applied his brakes so vigorously that the front end of his automobile visibly “dipped” but he could not stop in time to avoid the accident.
Mr. Nelson, the passenger, testified that he first saw the bicycle some distance off the highway on a driveway or lane. It entered the highway without stopping, at a good rate of speed, and moved directly in front of the Raidt automobile, where it was struck before it had proceeded any distance northward, despite the application of brakes by the defendant.
As was the court below, we are particularly impressed with the testimony of Messrs. Bellows and Nelson. The District Court said and we agree:
“They were completely disinterested witnesses and educated gentlemen who appeared to be most sincere in trying to relate exactly how the accident occurred. Any discrepancies as might be found in their testimony are of a minor nature and such as might be expected from unrehearsed witnesses with no interest whatever in the outcome of the case.”
In addition, the fact that plaintiffs’ witnesses failed to identify themselves as such to the State Policeman who made the investigation of the accident, notwithstanding queries by this officer of the crowd that had gathered, throws some shadow on the creditability of their testimony.
Plaintiffs’ allegations of negligence on the part of defendant Raidt are without foundation in the evidence. His speed was well within the maximum limit and the length of his skid marks show that this speed was not unreasonable. The failure of defendant to see the children any sooner was due to the fact that they could not be seen, for as soon as they came into view he immediately took steps to avoid a collision. For failure to sound his horn or to drive onto the shoulder of the road we cannot find the defendant negligent. He reacted to an emergency situation not of his making in a manner reasonable under the circumstances, though, in retrospect, some action other than thpt which'he took may have prevented the accident.
Our law places the highest degree of care and caution on a motorist who encounters children near or on the highway. In this case, however, we can find no breach of this duty on the part of the defendant and can only conclude that the sole proximate cause of the accident was the negligence of Henry Lee in pedalling his bicycle into the path of an oncoming vehicle. If he actually stopped at the intersection before entering the highway, he was negligent in not seeing what he should have seen and in not yielding the right of way to the highway traffic. If he did not stop his negligence was in failing to exercise reasonable care upon entering a favored lane of traffic.
For these reasons we find the Trial Court correct in its decision and affirm the judgment appealed from at appellants’ costs.
Affirmed.