242 So.2d 372 (1970)
Bobby J. BUCKELEW et ux., Plaintiffs-Appellants,
v.
Jack H. PLUNKETT et al., Defendants-Appellees.
No. 11540.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1970.
Sanders & Bice, by Charles B. Bice, Winnfield, for appellants.
Gist, Methvin & Trimble by Dewitt T. Methvin, Jr., Alexandria, for appellees.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
This is a suit by Mrs. Georgia M. Buckelew and her husband, Bobby J. Buckelew, for personal injuries received by Mrs. Buckelew and for expenses incurred by her husband by reason of an intersectional collision between a 1961 Ford station wagon driven by Mrs. Buckelew and *373 a 1969 Pontiac automobile driven by Mrs. Lucille P. Plunkett. Made defendants are Jack H. Plunkett, her husband, Mrs. Lucille Plunkett and their insurer, State Farm Mutual Automobile Insurance Company. From a judgment awarding the sum of $350 to Mrs. Buckelew for injuries and $44.31 for expenses plaintiffs have appealed.
It was established by the evidence that on February 21, 1969 at about noon Mrs. Georgia Buckelew was driving her station wagon in a westerly direction on Center Street in the city of Winnfield, Louisiana. Mrs. Plunkett was driving her 1969 auto in a northerly direction on King Street approaching its intersection with Center Street which has the right of way over King Street. As Mrs. Plunkett approached the intersection she drove into Center Street intending to make a left turn but failed to see Mrs. Buckelew's auto. The bumper of the Plunkett vehicle struck the left door of Mrs. Buckelew's car denting the door but without sufficient force to break the glass. Immediately after the accident Mrs. Buckelew was approached by Mrs. Plunkett to ascertain if she was injured and Mrs. Buckelew stated that she was in quite a lot of pain. The testimony established that Mrs. Buckelew weighed 326 pounds and was four months pregnant. That night her husband took her to Bossier City to see Dr. John C. Miciotto, her obstetrician. After examination she was permitted to return to her home. The doctor stated he found no bruises or any indication that she sustained any injury or trauma that would affect her pregnancy. He saw her again on March 8, 1969 when she stated to him that she felt the baby move on the first of March. The doctor next saw his patient on March 31, 1969 at which time she delivered a child which lived only three hours. Later, on June 14, Dr. Miciotto advised Mrs. Buckelew that it was his opinion the accident on February 21 had no relationship whatsoever to the early delivery and subsequent death of the child. He further stated that her obesity and hypertension were factors in the abortion. When asked the question, "Did she fear miscarriage?", he stated, "O, yes, I am sure." To another question: "Would you say that this would be paramount at this time?", his answer was, "Yes, I imagine so, like you say, someone like Mrs. Buckelew who was very apprehensive about the pregnancy from the beginning." The doctor stated Mrs. Buckelew had problems with her health from the beginning of her pregnancy; that on January 11, 1969 she complained of abdominal pain, nausea, vomiting, cramping pain with food intake.
Dr. L. R. Collier examined Mrs. Buckelew on April 16, 1969 at which time she complained of back and low abdominal pain and treated her for back sprain, urinary tract infections and other infections. He attributed the low back pain to lumbo-sacral sprain, stating that he could not say that the accident had anything to do with her pain but he would say it possibly could have.
In the court's opinion the facts of this case clearly establish that Mrs. Plunkett was negligent in driving into the intersection pre-empted by Mrs. Buckelew, and defendants' liability is not seriously contested. The trial court allowed Mrs. Buckelew $350 for being shaken up and granted her husband $5 for emergency room treatment, $5.60 for drugs and $33.75 for loss of wages, totaling $44.31. Mrs. Buckelew contends she is entitled to more adequate compensation for pain and suffering and mental anguish in fearing miscarriage as a result of the accident. Counsel cites as authority the case of Warr v. Kemp, La.App., 208 So.2d 570 (3d Cir. 1968). Therein plaintiff suffered a whiplash injury for approximately six months duration. The court allowed $600 for anxiety over the possibility of a miscarriage. In Davis v. New York Underwriters Insurance Company, La.App., 141 So.2d 673 (1st Cir. 1962) plaintiff injured her back and was off from work about seven weeks. *374 She returned to work and approximately two weeks later her child was born. The court awarded $1,500 for mental anguish. In Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763, 765 (2d Cir. 1960) the injuries received by plaintiff consisted of contusions and bruises, damage to the right and central incisor tooth. The court allowed the sum of $1,000 for anxiety and mental suffering. In Olivier v. Transcontinental Insurance Company, La.App., 93 So.2d 701 (Orl.1957) the court stated:
"In the case of Mrs. Olivier $50 does not appear adequate. She was two months pregnant and possibly there was some slight fear that there might be some detrimental effect upon this pregnancy. However, it is very evident from the testimony of the doctor who attended her that there was very little fear on his part of such a result. Mrs. Olivier says that she found it necessary to remain in bed for several days, but from the testimony of the doctor we think that there was little necessity for this. All in all we believe that, while $50 was not quite adequate, an additional amount of $200 should sufficiently compensate her." [93 So.2d 701, 705]
In Valence v. Louisiana Power & Light Company, La.App., 50 So.2d 847 (Orl.1951) the court allowed $750 as compensation for mental anguish and worry suffered by plaintiff.
In view of prior decisions of our courts we are of the opinion that although Dr. Miciotto could find no bruises or contusions and assured Mrs. Buckelew he could find no injuries to her unborn child, she is entitled to an additional award for mental anguish. In our opinion $500 is adequate.
The trial court allowed the sum of $33.75 for loss of wages sustained by Mr. Buckelew while taking his wife to the doctor. In Covey v. Marquette Casualty Company, La.App., 84 So.2d 217 (Orl.1955) the court stated:
"* * * Of course there should be no recovery for this item as it seems to us that Covey should have made other arrangements to have his wife's welfare looked after." [84 So.2d 217, 219]
This item was disallowed in Jaeger v. Herald, La.App., 186 So.2d 365 (4th Cir. 1966).
Therefore, the judgment of the trial court is amended to increase the award to Mrs. Buckelew from $350 to $850 and the award to Mr. Bobby J. Buckelew is decreased from $33.75 to $10.56.
In all other respects the judgment is affirmed at defendants' cost.