325 So.2d 692 (1976)
Elmonzer SANDERS, Individually and as natural tutrix of the minor child, Paula Dumas
v.
Robert D. ENGLISH et al.
No. 10571.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*693 Daniel R. Atkinson, Baton Rouge, for appellant.
E. Robert Sternfels, Napoleonville, and Jerome J. Barbera, III, Napoleonville, for appellees.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
Elmonzer Sanders, individually and as the natural tutrix of her minor child, Paula Dumas, filed this suit to recover damages for personal injuries to Paula Dumas who was struck on March 21, 1974, at about 5:00 p.m. by a 1974 Ford automobile driven by Robert D. English, owned by Homco Corporation and insured by the Hartford Accident & Indemnity Company. The driver, owner and insurer were made defendants herein.
Plaintiff's version of the accident is that Robert D. English, while driving in a southerly direction on La. Highway 1, in Assumption Parish, ran off the highway onto the western shoulder of the road, striking the minor child who was standing completely off the road.
Defendant, English, alleges that as he was proceeding from the area of Donaldsonville toward Thibodaux, within the town of Bertrandville, he noticed two pedestrians alongside Louisiana Highway 1 in a position of relative safety. These pedestrians were on the shoulder of the highway across from the Bayou Lafourche side. As English proceeded into this area, Paula Dumas suddenly and without warning darted into the highway, striking the left front side of the vehicle. Denying any negligence on the part of English, the defendants pleaded various acts of negligence by Paula Dumas and also pleaded her alleged contributory negligence in bar of recovery herein.
After trial, the court rendered judgment in favor of the plaintiff and the defendants *694 have prosecuted this appeal, alleging that the trial court erred in the following particulars: in failing to consider the testimony of the State Trooper who investigated the accident, in holding that English was guilty of negligence, in holding that he had the last clear chance to avoid the accident, in holding that Paula Dumas was not guilty of contributory negligence, and in awarding excessive damages. The plaintiff-appellee has answered the appeal, urging us to affirm the trial court in every respect except the amount awarded as damages which appellee urges should be increased. We affirm.
The first specification of error assigned by the appellants is regarding the trial court's alleged failure to consider the testimony of the State Trooper. The trial court, in his Written Reasons for Judgment, referring to the testimony of Trooper Dominque, stated:
"According to the testimony of the state trooper who investigated the accident Bertrandville is a highly congested mixed neighborhood of residences and business places which are located close together and where there is normally considerable activity with persons parking, standing and congregating along the highway. Defendant was familiar with the area having driven through the settlement on a fairly regular basis over the previous two years. The posted speed limit was 50 miles per hour.
The trooper further testified that there is a curve in the highway upon both entering and leaving Bertrandville but between the two curves and throughout the settlement itself the highway is straight and unobstructed." * * * * * *
"The trooper found from the physical evidence at the scene that defendant's left wheels left 47 feet of skid marks and his right wheels 5 feet of skid marks, indicating that the car skidded only 5 feet before the right wheels went off the highway, and then another 42 feet before the left wheels also left the highway positioning the entire car on the shoulder; that the car continued on down the shoulder an additional 70 feet before coming to a stop some 117 feet from the point where the skid marks commenced. The trooper was not however able to determine whether the car continued skidding on the shoulder or merely rolled down the shoulder after it left the highway."
The trooper also testified that it was daylight, the weather was clear, and the roadway was dry.
A fair reading of the testimony reveals that the trial court succinctly summarized the trooper's testimony and gave it due weight. This is particularly true in view of the testimony of the eyewitnesses to the accident who have no interest in the case, e.g., Messrs. Johnson, Andrews and Knockum, each of whom saw the English vehicle leave the road and strike the child. When credibility of the witnesses is a major issue, the trier's findings should not be disturbed in the absence of manifest error.
Defendants next contend that the trial court erred in holding English guilty of negligence. English's own version of the accident renders him negligent and liable. He testified that he saw two small children standing on the side of the highway only a foot or two off the pavement at least 200 feet ahead, with neither child looking in his direction. Appellant urges upon us our holding in Duraso v. Barbo, 215 So.2d 908 (La.App.1st Cir. 1968). Although we did not allow recovery in the latter case, where a child suddenly darted from a concealed position into the motorist's path, after setting forth the accepted jurisprudence that an automobile driver is not the insurer of the safety of small children we went on to state 215 So.2d at page 911:

*695 "The rule is different, however, when the motorist sees or should have seen the child near the street. For there a motorist is charged with knowledge that children playing or walking along the street may unexpectedly or unpredictably leave a position of safety for one of danger and peril. Under these circumstances a motorist is held to a higher degree of care, or better said, the highest degree of care. See Helgason v. Hartford Insurance Co., La.App., 187 So.2d 140; Ward v. Southern Bell Tel. and Tel. Co., La.App., 189 So.2d 750; McBride v. Raidt, La.App., 206 So.2d 299; Vander v. New York Fire and Marine Underwriters Inc., La.App., 192 So.2d 635."
Appellants also contend that Paula Dumas was guilty of contributory negligence and that the trial court erred in holding otherwise. In the Written Reasons for Judgment the court held:
"The child was only nine years old at the time of the accident, and in view of the level of her mental and physical development as demonstrated on the trial of the case nearly a year later the court finds that she was too young to be considered contributory (sic) negligent."
In Young v. Grant, 290 So.2d 706, 709 (La.App.1st Cir. 1974), we said:
"The jurisprudence is clear to the effect that a child of nine or ten years of age may be capable of contributory negligence. White v. Hanover Insurance Company, 201 So.2d 201 (1st La.App.1967); Jones v. Fireman's Insurance Company of Newark, N.J., 240 So.2d 780 (2nd La.App.1970), writ refused 256 La. 1143, 241 So.2d 250 (1970). The test to be applied in evaluating whether the child's conduct constitutes contributory negligence is whether the particular child, considering his age, background and intelligence, indulged in a gross disregard of his own safety in the face of known, understood and perceived danger and whether there was an intentional exposure to an obvious danger in connection with nontechnical and ordinary objects and situations with a capacity of the child to understand and realize."
The trial judge was present and observed the Dumas child. He was in a better position to apply the test outlined in the Young case. This particular issue resolves itself to a question of fact; no citation of authority is needed to say that we do not interfere with a trial court's finding of fact in the absence of manifest error and no such error is shown to exist herein.
From the discussion of the specification of errors above, it is unnecessary to discuss the doctrine of last clear chance. We hold as a matter of law that English is liable for the damages occasioned.
The award for damages were $930.28 for stipulated medical bills and $7,500.00 for Paula's pain and suffering. The appellants argue that the award is excessive and constitutes an abuse of discretion. The appellee argues that it is inadequate and should be increased. Medical reports and testimony revealed that Paula Dumas suffered a compound fracture of the left fifth metacarpal, a fracture of the right radius, and hemarthrosis of the right knee. Because of the age of the child, it was felt by the treating orthopedic surgeon that she would fully recover and suffer no permanent disabilities. The trial judge was of the opinion that the amount awarded would adequately compensate the plaintiff for her pain, suffering and temporary disability. Under LSA-C.C. Art. 1934(3) and the jurisprudence, the trier of fact is vested with much discretion in fixing the amount of damages to which a plaintiff is entitled in a tort action. Appellate courts, while constitutionally required to review the law and the facts, are not to disturb the award of the trier of fact in the absence of an abuse of his much discretion; Parks v. Liberty Mutual Insurance Company, *696 291 So.2d 505 (La.App.2nd Cir. 1974), Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149 (1963).
For the reasons assigned, the judgment of the trial court is affirmed and costs are assessed against the defendants-appellants.
Affirmed.