MORIAL, Judge.
Plaintiff sued her lessor for damages for personal injuries she sustained in a fall down the stairway of the apartment she leased at that time.
Plaintiff lived on the second floor of defendant’s apartment building. Her apartment was located to the left of the doorway opening leading to the stairs. On the night of the accident plaintiff worked to around 11:30 P.M. She had returned home to change her clothing before going out. It was raining that evening and the stairs were wet. As plaintiff descended the stairs, she caught her foot on the second or third step from the top and fell down to the bottom of the stairs.
The metal staircase, which was the only one servicing the building, was located in the interior of the building between two walls. It was, however, exposed to the rain through the doorway at the top of the stairs leading to an outside porch. There were four light fixtures in the immediate area which, when operating properly, illuminated the stairway. There was a photocell light on the ceiling of the porch near the doorway at the top of the stairs. This light automatically came on at dusk or on cloudy days. There was a light on the ceiling above the stairs sixteen feet above the stairwell and not accessible to service. This particular light had burned out long before the accident. There was another photocell light on the ceiling at the foot of the stairs. Also, there was a light next to the apartment door of an apartment located at the foot of the stairs. The handrails located along the stairwell did not extend to the top of the stairway. There was a 7/8 inch variation in height between the first and second stairs from the top landing.
After a trial on the merits the district court rendered judgment in favor of the plaintiff in the amount of $9,300.00. Defendant appeals. We affirm.
The trial judge found that the stairway violated the Life Safety Code and the Jefferson Parish Building Code in that the handrails did not run the entire length of the staircase; there was no nosing on the top stair tread; a 7/8 inch variation in height existed between the first and second treads and there was no exit light burning; there was excessive water on the stairs due to inadequate drainage and the lighting was insufficient at the time of the accident.
The testimony of the expert witnesses, the lay witnesses and the exhibits introduced into evidence support the findings of the trial court. Both plaintiff’s and defendant’s experts agreed that codal violations were present. There is also sufficient evidence in the record to justify the trial court’s conclusion that three of the four lights in the area were inoperative at the time of the accident. The upper porch light alone was burning and it is clear from the evidence that plaintiff’s body blocked the illumination of this light as she descended the stairs. Evidence in the record supports the conclusion that the porch was not constructed so as to prevent the rainwater on the porch floor from draining directly onto the stairs.
*634 In Weiland v. King, La., 281 So.2d 688 (1973) the Supreme Court found that the absence of handrails and adequate lighting on a stairway created a trap for one descending the stairs and awarded damages to the plaintiff on the basis of LSA-R.C.C. 2315. There, the Court relied on the Life Safety Code which was relied upon by the trial court herein in determining the standard of care to which the defendant lessor was to be held.
Defendant is also liable under LSA-R.C.C. Article 2695, which gives a lessee a cause of action against his lessor for injuries caused by a defective condition of the premises. A plaintiff’s right of action under this article does not depend upon fault on the part of a defendant lessor, but, rather upon the mere existence of a defective condition of the leased premises causing injury. See Joyner v. Aetna Casualty & Surety Co., 240 So.2d 545 (La.App. 2 Cir. 1970). In Bates v. Blitz, 205 La. 536, 17 So.2d 816 (1944), the Supreme Court held a lessor responsible for vices or defects in the accessories to the building including the entrance, courtyard, stairways and approaches used in common with the other tenants.
We find that there is sufficient evidence in the record to support the conclusion of the trial judge with respect to the defective condition of the stairway. The expert testimony was clear that the codal violations present combined with inadequate lighting, created a hazardous condition which increased the likelihood that one using the stairs could slip and fall.
We find no abuse of the trial court’s “much discretion” in awarding damages. See LSA-R.C.C. 1934(3). The court found that plaintiff injured her back and sustained a resolving strain of the ligaments of her left foot which were later complicated by ganglion formations that required medical treatment for one year. Plaintiff suffered pain and discomfort and was caused to curtail her work and social activities during that period. In McInnis v. Firemen's Fund Insurance Co., La., 322 So.2d 155 (1975) an award of $3,500.00 to a plaintiff with a fracture of her mid foot who was discharged by the doctor only two months after the accident occurred was upheld by the Supreme Court. While constitutionally required to review law and facts, appellate courts are not to disturb the award of the trier of fact in the absence of an abuse of his discretion. Sanders v. English, 325 So.2d 692 (La.App. 1 Cir. 1976); Riley v. Frantz, 253 So.2d 237 (La.App. 4 Cir. 1971).
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.