354 So.2d 667 (1977)
Glenn J. DANOS
v.
Nelvin FORET, Jr., et al.
No. 11694.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
Writ Refused March 31, 1978.
*668 Frank E. Lamothe, III, New Orleans, M. T. Melvin, Larose, for plaintiff and appellee.
Robert L. Danner, Jr., New Orleans, Herbert O'Niell, Thibodaux, for defendants and appellants.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
The plaintiff, Glenn J. Danos, instituted this action to recover damages for the alleged tortious acts of the defendants, Nelvin Foret, Jr., and the State of Louisiana, through Department of Education, resulting in injuries to his abdomen and left hand.
The plaintiff Danos, who was attending South Louisiana State Trade School as a student in the welding course, had approached his instructor, Nelvin Foret, Jr.,[1] to ask about a vertical weld. Defendant Foret was cutting the top off a freon cylinder on a lathe, so Danos stood nearby waiting for Foret to complete his task. At this moment the cylinder exploded, with the top portion thereof striking the plaintiff, causing the alleged injuries.
The trial court rendered judgment in favor of plaintiff and against the defendants, in solido, for the sum of $33,743.41. The motion for new trial was denied. The State only has appealed suspensively. Defendant Foret did not appeal, so the judgment is final as to him.
The State assigns as errors that the trial court erred in not finding the plaintiff contributorily negligent and that the trial court abused its discretion in awarding excessive general damages to the plaintiff.
The basis for the State's contention of contributory negligence is that the plaintiff, with full knowledge of the danger therein, chose to stand in an area in close proximity to the lathe on which his instructor was cutting the freon cylinder, which area was marked "danger."
The appellant relies upon the case of Gantt v. Brown, 191 So.2d 793 (La.App. 2 Cir. 1966), writ refused, 250 La. 19, 193 So.2d 529 (1967), to support its contention of contributory negligence. In Gantt a highway department employee, who was familiar with the operation of a certain grader machine, positioned himself in the rear of the machine in a stooped position in such a manner that his presence was not observable to the operator. The Court held that he was guilty of contributory negligence. We find that Gantt, because of its peculiar facts, is not controlling here.
In the instant case, the trial court determined that defendant Foret observed the plaintiff and that Danos had not knowingly placed himself in a position of danger. It is now settled that a determination made by the trier of fact is not to be reversed on appeal if there is credible evidence in the record reasonably supporting the factual findings. This rule was recently reaffirmed in Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976), where the standards announced in Canter v. Koehring Company, 283 So.2d 716 (La.1973), were restated to the effect that even if another interpretation or conclusion to be drawn from the facts is equally reasonable as that found by the trial judge, the intermediate appellate court is not to substitute its own version of the facts for that of the trier of fact.
The findings of fact made by the trial judge in determining the issue of contributory *669 negligence in the instant case is supported by credible evidence contained in the record. This evidence has been reviewed by us and, under the particular facts and circumstances presented herein, we find that the trial judge committed no manifest error.
The appellant also raises the issue of an excessive award to the plaintiff. The trial court awarded him the sum of $33,743.41. The record supports the trial judge's finding that the plaintiff's most serious injury was to his left hand, which required extensive surgery and skin grafting. Dr. Richard M. Landry, an orthopedic surgeon, treated Danos for his hand injuries. The doctor described the nature of the injuries to the hand as "obviously badly injured, there was poor circulation to the thumb and index finger, there was an obvious compound fracture of the thumb." Dr. Landry felt that "the disability that he sustained would be represented fairly by fifty (50%) percent permanent partial physical impairment of the thumb. This would convert to an impairment of twenty-five (25%) percent of the hand." Dr. Mack A. Thomas, a general surgeon, also treated the plaintiff. In addition to the hand injury, he described the other injuries to Danos as contusions to the chest and mid-abdominal area. Dr. Thomas described the treatment given Danos, including the skin grafting, and substantially corroborated the testimony of Dr. Landry. We find the award within the minimum-maximum range of the "much discretion" granted triers of fact by our laws. LSA-C.C. art. 1934(3). Our holding is consistent with the case of Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974), and the other cases cited by the appellant.
As the Court said in Anderson, supra, at page 352:
"The trier of fact is granted much discretion in the award of general damages, i. e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in terms of money."
Using the cited cases and other reported cases which we considered related to this issue merely as an aid, in light of the Supreme Court's admonition in Coco v. Winston Industries, 341 So.2d 332 (La.1976), not to place too much emphasis on "other reported cases", we feel that in the final analysis the appropriateness of the award in each case turns on its own peculiar facts. Based on the facts in this case, any decrease in the award of general damages granted would simply be a substitution of our opinion for that of the trial judge. We find no manifest error in the award in view of the injuries shown to have been suffered by the plaintiff and the much discretion allowed the trial judge in compensating such injuries.
Accordingly, we affirm the judgment of the trial court. Costs are taxed against the appellant, State of Louisiana, to the extent permitted by law.
AFFIRMED.
NOTES
[1] Although this is the name under which this defendant was sued, and all pleadings in the record used that appellation, on direct examination he stated that his true name is Delvin J. Foret.