DOUCET, Judge.
Billy R. Babineaux brought this tort suit to recover damages for personal injuries sustained in an automobile accident. Harold Breaux, the Town of Breaux Bridge, and Firemen’s Insurance Company of Newark, New Jersey were made defendants in the suit. The case was tried before a jury, which found that plaintiff had been injured and that $704.05 was sufficient to compensate him for that injury. Defendants having stipulated to their liability prior to trial, judgment was rendered in favor of plaintiff and against Firemen’s Insurance Company of Newark, New Jersey in that amount. Plaintiff appeals.
The only issue on appeal is whether the trial court abused its discretion in limiting plaintiff’s recovery to $704.05.
The accident giving rise to this suit occurred on March 11, 1977 in Breaux Bridge, Louisiana. Immediately prior to the accident, plaintiff was driving his automobile on St. Charles Street. He was following a flatbed truck driven by Harold Breaux and *905 owned by Breaux’s employer, the Town of Breaux Bridge. Breaux brought the truck to a stop behind several school buses that were parked on St. Charles Street, waiting to load students when classes were dismissed. Plaintiff stopped his car approximately one to three feet behind the truck. Breaux decided to take an alternate route, and in attempting to extricate himself from his position behind the buses, he backed into plaintiff’s automobile, pushing it backward about 15 feet.
Plaintiff testified that immediately following the accident he began to feel pain in his lower back and neck. He was taken to Gary Memorial Hospital in Breaux Bridge, where he was examined by Dr. Ernest Yon-gue. Dr. Yongue testified that the examination revealed muscle spasms in plaintiff’s neck and lumbar areas. He felt that the spasms were probably a result of the accident.
After the examination, Dr. Yongue prescribed a muscle relaxant and a sedative and sent plaintiff home with instructions to rest in bed. Plaintiff was subsequently seen and treated by Dr. Yongue on three occasions, March 14, March 15, and March 22, 1977. During the course of his treatment by Dr. Yongue, a cervical collar and physical therapy were also prescribed.
When Dr. Yongue examined plaintiff last on March 22,1977, he found that the spasms in plaintiff’s neck had been reduced considerably and the spasms in his back had disappeared. He had full range of motion in his neck, although he complained of discomfort. Based on his findings at that time, Dr. Yongue believed that plaintiff’s disability would not be permanent or prolonged.
On April 15,1977, plaintiff was examined by Dr. Virgil J. Bryant, a chiropractor. He was still complaining of pain in his neck and back at that time. Dr. Bryant testified that a complete examination of plaintiff on April 16,1977 revealed that he had restricted range of motion in his neck and back. He felt that plaintiff’s abnormal neck condition had been caused by the accident. Plaintiff was treated by Dr. Bryant 62 times after the initial examination. The total charges for those treatments came to $2,024.00.
Dr. Bryant’s opinion of plaintiff’s condition was disputed by Dr. Fred Webre, an orthopedic surgeon. Dr. Webre testified that he examined plaintiff on August 10, 1977 and December 8, 1977. The results of both examinations were negative. There were no muscle spasms, and plaintiff was able to move his neck and back through all ranges of motion. Dr. Webre believed that by August 10,1977, plaintiff had completely recovered from any injury sustained in the accident.
In awarding damages, the jury apparently rejected the testimony of plaintiff and Dr. Bryant, concerning the need for the chiropractic treatments, and found that their cost was not recoverable. Our review of the evidence in the record, including the testimony of the two medical doctors, has not shown that finding to be manifestly erroneous.
The other expenses claimed by plaintiff total $354.05. Thus, in awarding $704.05, the jury apparently allowed $350.00 as compensation for plaintiff’s pain and suffering. Plaintiff contends that that amount is inadequate and should be increased.
Before an appellate court can disturb a trial court’s award of general damages, a careful analysis of the facts must clearly show that the trial court abused its “much discretion” in making the award. LSA-C.C. Art. 1934; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979).
The evidence in the record before us indicates that plaintiff suffered only minor injuries as a result of the accident. Dr. Yongue testified that plaintiff’s condition had improved considerably by March 22, 1977, eleven days after the accident. Dr. Webre testified that on August 10, 1977, approximately five months after the accident, plaintiff had completely recovered. As we noted earlier, we cannot say that the jury was clearly wrong in accepting that testimony, while apparently rejecting the *906 contradictory testimony of plaintiff and Dr. Bryant.
Under these circumstances, we find no abuse of the trial court’s discretion. Accordingly, we affirm the judgment appealed by plaintiff.
All costs of this appeal are assessed against plaintiff.

AFFIRMED.