MARVIN, Judge.
In this appeal of a judgment after a jury verdict, the plaintiffs Anderson, husband and wife, seek to increase a $4,000 award for personal injury damages. We find the jury abused its much discretion, amend to increase the award, and affirm as amended.
This action arose out of an incident in which Mrs. Anderson’s hand was run over by the automobile of the defendant. When the incident occurred, Mr. Anderson had been contesting with his former wife the custody of their two children, ages 8 and 5. The former Mrs. Anderson flew from Hawaii to Shreveport where the defendant, Helen Hughey, chauffered her, eventually to plaintiffs’ apartment. There the former Mrs. Anderson, outside the presence of plaintiff Mrs. Anderson, led the children from the apartment to defendant’s parked automobile. Before defendant could drive away, plaintiff Mrs. Anderson learned what had occurred, hastened to the parked car, and struggled with the former Mrs. Anderson to remove the children from the car. During the struggle plaintiff Mrs. Anderson was battered by the women and the door of the car and thrown to the ground. Her house robe became entangled with the door, she was dragged a short distance, and her hand was run over by the car. This suit followed against defendant and her liability insurer. The former Mrs. Anderson later regained legal custody of the children in another action and returned with them to Hawaii.
Mrs. Anderson sued for her personal injuries. Mr. Anderson sued for medical and related expenses and for' Mrs. Anderson’s lost wages during the time she was disabled from working. Defendants pleaded Mrs. Anderson’s contributory negligence and her assumption of "the risk of injury. Defendants stipulated that plaintiffs had incurred medical expenses totaling $1,325.85. Plaintiffs also proved that Mrs. Anderson was disabled from working as a practical nurse for more than 60 days and lost at least $2,400 in wages. These special damages total $3,725.85. The jury’s verdict was a general verdict “... for the plaintiffs in the amount of $4,000 ...”[1]
Defendants did not appeal or answer plaintiffs’ appeal and the only issue here is quantum. CC Art. 1934(3); Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976). *
Mrs. Anderson testified that she opened the car door and was attempting to remove the children when the women in the car started beating on her, that the former Mrs. Anderson told defendant, “.... let’s get out of here”, that the car began backing up while she was half in and half out of the car, that she was battered by the car door when the car moved backward and then forward, “... I was . .. half falling, skidding, and bumping around until ... [my robe] came off of me ... The car ran over my [whole] hand and pulled a hand full of my hair out as well as throwing gravel and dirt into my face and eyes.” Mrs. Anderson was then about three months pregnant. *324 Because of her concern about her unborn child, she immediately went to her obstetrician, Dr. Smith, who attempted to calm her and who directed her to a hospital emergency room to see an orthopedist, Dr. Gleason, because of her crushed hand.
Dr. Smith testified that he saw Mrs. Anderson in his office following the parking lot incident, that her hand was obviously fractured, that she had multiple abrasions on her body, legs, and on her other arm, that she was in “severe pain .... very disturbed ... worried about her pregnancy ... the possibility of an abortion ... in a great deal of anxiety [even»after being hospitalized]”. Dr. Smith also stated that he later limited to Tylenol and aspirin, the drugs that were given to Mrs. Anderson to relieve her pain because of her pregnancy and that she “... was having more pain [than a nonpregnant patient would have had].” Mrs. Anderson expressed concern for the welfare of her unborn child to Dr. Smith until the time it delivered as a healthy child. Dr. . Smith agreed that Mrs. Anderson’s “... anxiety continued throughout the term of her pregnancy.”
Dr. Gleason described the injuries “.. . exquisite swelling and tenderness .. . crushed fracture of the multangular (carpal) bone of the wrist, ... dislocation of the index metacarpal ... [surgically] reduced by [inserting] a pin [and] K-wire ...” He testified that she was hospitalized three days, that “... she had a somewhat painful ... post-operative course” and that the pin in her wrist caused her pain. She was in a cast for 10 weeks. She later developed arthritis in the hand. Dr. Gleason said the hand “... was crushed so severely that we could not restore the [wrist] joint to a normal function,” and noted Mrs. Anderson’s “... predisposition to pain and arthritis.” He estimated her permanent disability of the hand at llh percent and “possibly” at I2V2 percent if the “carpal tunnel syndrome” she had developed was related to the incident. This relationship was only “possible”, according to Dr. Gleason, and not “certain”.
At the trial on May 5, 1980, Mrs. Anderson testified that she suffered pain, weakness, and stiffness before and after her cast was removed, that her hand has progressively swollen and that she was not able to resume working without limitation until January following the August 1977 incident. She said her ability to button her daughter’s clothes, open jars, twist ice trays, hold and grip things has progressively gotten “worse and worse”. Her wrist and hand are still painful three years following the incident. Dr. Gleason stated that future surgery may be required to attempt to correct arthritic changes in the injured hand.
Under these circumstances we do not hesitate to find the $4,000 verdict inadequate and a clear abuse of the much discretion afforded the trier of fact. CC 1934(3). Reck v. Stevens, supr.a. We proceed then, as directed by Coco v. Winston Industries, Inc., supra, to raise the award to the lowest point which we find, upon analysis of awards in other cases, to be reasonably within the range of discretion, and we make an award to each plaintiff and recast the judgment. CCP 2164.
This record does not show Mrs. Anderson’s exact age, but does show that she had two children, ages 15 and 18 years, when this case was tried in 1980.
We consider the severity and effect of this injury upon Mrs. Anderson in the light of her particular circumstances. Pregnant women who were not shown to have suffered permanent physical injury have received awards ranging from $500 to $1,500 for their temporary anxiety for their unborn children.[2]
Other persons have received awards ranging from $3,000 to $7,500 for permanent *325 hand injuries requiring surgical intervention.[3] While these cases are analogous in a •limited way, they do not present plaintiffs in the identical circumstances of Mrs. Anderson. We also consider past awards in the light of Coco, supra, and we raise the judgment to Mrs. Anderson to $7,000, the amount we find to be the lowest point within the jury’s discretion.
Mr. Anderson should recover for the community estate, the minimum amount of $669.50 medical, $656.35 hospitalization, and $2,400 for Mrs. Anderson’s loss of wages, a total of $3,725.85 of the $12,600 amount he sued for.
Accordingly, the judgment is amended and will be recast as follows:
IT IS ORDERED that there be judgment against defendants, Helen Hughey and Sa-feco Insurance Company, in solido, with legal interest from the date of judicial demand,
(A) In favor of plaintiff, Mrs. Circe Anderson, for $7,000; and
(B) In favor of plaintiff, Paul M. Anderson, for the community estate existing between him and his wife, for the following sums:
Expenses incurred $1,325.85
Loss of Mrs. Anderson’s wages $2.400.00
Total $3,725.85
*326 IT IS FURTHER ORDERED that defendants pay all costs, here and below, including the respective fees of the expert medical witnesses, as the same may be stipulated by the litigants or fixed by the lower court after hearing.
As thus amended, judgment is
AFFIRMED.

. The written jury charges refers to plaintiff in the singular. The written verdict uses the plural but does not attempt to apportion the award between the two plaintiffs. We are not favored with either the statements and arguments of counsel to the jury or a transcription of what was read or said by the judge to the jury. It would serve no purpose to speculate why and how this result was reached.

. Jolivette v. Safeco Ins. Co., 379 So.2d 1213 (La.App. 3d Cir. 1980); plaintiff was only a few weeks pregnant and suffered headaches and backaches after the accident. Her abortion six weeks later was unrelated to the accident. Award: $1,250 for mental anguish and concern for the unborn child.
Buckelew v. Plunkett, 242 So.2d 372 (La.App. 2d Cir. 1970): four-months pregnant plaintiff who delivered child one month later that did not survive, a fact which doctor said was unre *325 lated to accident; she suffered no physical injury. Award: $500 for mental anguish.
Wheeler v. Simonton, 215 So.2d 359 (La.App. 2d Cir. 1968): plaintiff was 8V2 months pregnant, suffered superficial contusions and bruises to her head and abdominal wall. Her child was bom normal four weeks later. Award: $1,000 for pain, suffering and mental anguish. Bee v. Liberty Mutual Insurance Company, 165 So.2d 73 (La.App. 4th Cir. 1964): seven months pregnant plaintiff of unstated age with some bruising of abdominal region, delivered normal child some seven weeks later, however, during intervening period she was constantly perturbed over the possibility of injury to the expected child. Award: $1,500.
Nomey v. Great American Indemnity Company, 121 So.2d 763 (La.App. 2d Cir. 1960): plaintiff was more than eight months pregnant and suffered a few bruises and a damaged tooth; child was bom eight days after the accident. Award: $1,000 for mental pain, suffering and anxiety.

. Moss v. Travelers Indem. Co., 351 So.2d 290 (La.App. 3d Cir. 1977): man unemployed at the time of car accident but who had a job at the time of trial was awarded $4,000 in general damages for a laceration over his left eye, lacerations and abrasions on his ring and middle fingers, a cut on the little finger of his right hand, and contusions to the chest. He had a 15% permanent disability of the right hand. Hospitalization and surgery were required. Distefano v. Lumbermen's Mut. Cas. Co., 340 So.2d 1110 (La.App. 3d Cir. 1976): general damage award of $3,000 to a deckhand on a boat (who fell down a stairway) for a 5% overall impairment of his right hand. Plaintiff had sustained a fracture of the base of the fourth metacarpal of the right hand and a dislocation of the fifth carpal metacarpal joint of the right hand. Hospitalization and a surgical procedure similar to the instant case were required.
Sanders v. English, 325 So.2d 692 (La.App. 1st Cir. 1976): nine-year-old child injured in a car-pedestrian accident was awarded $7,500 for pain and suffering. This girl suffered a compound fracture of the left fifth metacarpal, a fracture of the right radius, and hemarthrosis of the right knee. The doctors foresaw only a temporary disability.
Aucoin v. Fidelity General Insurance Company, 219 So.2d 532 (La.App. 3d Cir. 1969): a motorcycle policeman with a comminuted fracture of the radius of the left wrist and dislocation of the ulna, was hospitalized for three days in addition to undergoing surgery, and was awarded $3,750. He had a 10% permanent disability of the wrist.
Two cases cited by plaintiff are inapplicable as a guide for the instant case:
Danos v. Foret, 354 So.2d 667 (La.App. 1st Cir. 1977): plaintiffs abdomen and left hand were injured when a freon cylinder exploded. Plaintiff sustained a 50% permanent partial disability to his thumb which converts to a 25% impairment of the entire hand. This injury required extensive surgery and skin grafting. He was awarded $33,000 in damages. Obviously this injury was far more severe than Mrs. Anderson’s.
Biackshere v. Kemper Insurance Co., 352 So.2d 275 (La.App. 2d Cir. 1977): plaintiff was injured when a valve stem blew out on an oxygen cylinder. His hand injury was severe, painful, and disabling. His treatment extended over many months and included two operations. He was totally and permanently disabled. He was awarded $14,800 for pain, suffering, and disability.