EDWARDS, Judge.
Plaintiff, Joseph Clifford Faulk, Sr., a mailman, was injured on January 18, 1978, when the postal truck he was occupying was backed into by a truck driven by Roland A. Authement, Jr., owned by Cagle Supply, Inc., and insured by State Farm Mutual Automobile Insurance Company.
Faulk brought suit against Authement, Cagle and State Farm seeking $350,000 in damages and requesting trial by jury. Following trial, an unanimous jury awarded Faulk $14,000. The trial court signed judgment pursuant to the jury verdict and also awarded interest and all costs including $850 in expert witness fees. A check for $17,857.91, amounting to the entire judgment due, was deposited into the registry of the court by defendants.
Plaintiff appeals claiming that 1) the jury improperly failed to award the stipulated damages and 2) the total award made was so low as to shock the conscience.
A careful reading of the record indicates that defendants never stipulated to liability for all the special damages claimed. To the contrary, only the amounts claimed were stipulated to.
Dr. Lawrence J. Russo, an orthopedic surgeon, testified that plaintiff initially suffered from a lumbar strain; that, through the use of muscle relaxants and conservative treatment, plaintiff’s condition seemed to improve; that plaintiff was cooperative, was not feigning injury, and had a positive attitude toward recovery; that, despite treatment, plaintiff continued to suffer from pain; that his second diagnosis was chronic back strain with spasm in the lumbar area, restricted motion and pain; and that by November of 1980, he believed plaintiff should retire.
Dr. William Preston Cloyd, a psychiatrist, testified that plaintiff was a perfectionist-type compulsive, a “driving-type person” who, as a result of the accident, developed a psychoneurotic depressive reaction and had “problems of keeping in touch.”
Dr. Kenneth E. Vogel, a neurologic surgeon, testified that plaintiff had a chronic lumbar strain and suffered “a five percent residual impairment of the body as a whole.” Dr. Vogel also testified that plaintiff twice underwent both a myelogram and a lumber facet rhizotomy.
Dr. Robert L. Applebaum, a neurosurgeon, saw plaintiff once in April of 1980. At that time, plaintiff complained of intermittent aching pain which decreased with rest and increased with exertion. Dr. Ap-plebaum testified that, in addition to the present injury, plaintiff had suffered a back injury twenty years previously; that plaintiff had no muscle spasm, no impaired range of motion, no curvature of the lumbo-sacral spine, no muscle weakness or wasting, no sensory variation to a pinprick test, no disease or damage to the spinal cord or nerve roots and no lumbosacral abnormality; that he did not perform rhizotomies, that rhizotomies were being done less and less, and that plaintiff had not needed either one; that plaintiff showed no evidence of disability, had no true injury at the time of examination and that there was no physical basis for pain; and that there was no reason plaintiff could not return to work. Dr. Applebaum also testified that at one point, plaintiffs reactions to a leg raising test showed inconsistent responses.
Obviously, the jury chose to place more emphasis on the evidence given by Dr. Ap-plebaum than on that of Drs. Russo, Cloyd and Vogel, all of whose testimony was more favorable to plaintiff. The jury apparently did not believe plaintiff needed the great amount of treatment he sought. Nor did the jury believe plaintiff had lost so much in wages as was claimed. Babineaux v. Firemen’s Insurance Company of Newark, New Jersey, 381 So.2d 904 (La.App. 3rd Cir. 1980).
*1188 We do not try cases — we review them. We are unable to articulate sufficient reasons from which we could conclude that the jury’s result was clearly wrong.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are to be paid by Joseph Clifford Faulk, Sr.
AFFIRMED.
EDWARDS, J., concurs and assigns reasons.
PONDER, J., dissents and assigns reasons.