ARMSTRONG, Judge.
This is a tort action. Plaintiff-appellant, Debra Tindall,[1] individually and on behalf of her minor son Taurus Tindall, filed suit against Ralph Kampen, his employer Dupre Transport (Dupre) and Dupre’s insurer, Commercial Union Insurance Company (Commercial). Ms. Tindall sued to recover damages for personal injuries sustained in an automobile accident. At trial defendants Dupre and Commercial[2] admitted liability. The sole issue before the trial court was the amount of the damages. On February 26,1985 the trial court issued a judgment awarding plaintiff $5,100 for pain and suffering, $1,100 for loss of wages and $1,339.39 for medical expenses.
Appellant claims that the trial court erred in failing to award her medical expenses incurred for treatment by Dr. Serge Francois, a chiropractor, and that the award for pain and suffering was inadequate.
The record shows that immediately after the accident Ms. Tindall was treated at Charity Hospital and released. Three days later, on January 13, 1983 Ms. Tindall went to Dr. D.S. Condie for treatment. Dr. Con-die diagnosed Ms. Tindall as suffering from “acute cervical and lumbro-sacral sprain,” and she was treated accordingly. Ms. Tin-dall’s last visit to Dr. Condie was on July 14, 1983.
Ms. Tindall was first seen by Dr. Dennis on July 12, 1983. She visited Dr. Dennis several times in July of 1983 and several times in October of the same year. Based on Ms. Tindall’s October 18, 1983 visit, Dr. Dennis described Ms. Tindall as having “some recurrence of muscle spasm in her lower back.” Ms. Tindall was treated accordingly.
Ms. Tindall testified that she continued to experience pain. On August 31, 1984 *1276 Ms. Tindall consulted Dr. Serge Francois, a chiropractor. Dr. Francois diagnosed Ms. Tindall as suffering from “chronic sprain injury, ligamentous instability, myofasci-tis.” As treatment Dr. Francois prescribed spinal manipulation, electrical stimulation and heat therapy. Ms. Tindall visited Dr. Francois for treatment weekly until January 9, 1983. At trial Dr. Francois testified that Ms. Tindall would need continued treatment for the rest of her life. In addition Dr. Francois testified that plaintiff’s treatment had cost a total of $2,023.00.
Dr. Harold Stokes, an orthopedic surgeon also testified at trial. At the request of the defendants Dr. Stokes examined Ms. Tindall on two occasions. The first examination took place on August 21, 1984. Dr. Stokes testified that Ms. Tindall had “no muscle spasms ... (and) demonstrated normal motion of the cervical spine at all planes.” Dr. Stokes summed up his testimony by stating that “all I can report to you is that this patient was complaining of pain to me on two separate occasions and I did not find anything to document that pain.”
In awarding damages for medical expenses the trial judge apparently rejected the testimony of plaintiff and Dr. Francois regarding the need for chiropractic treatments, and found that their cost was not recoverable. Our review of the testimony and evidence presented to the trial court has not shown that finding to be manifestly erroneous. Babineaux v. Fireman’s Ins. Co. of Newark, New Jersey, 381 So.2d 904 (La.App. 3rd Cir.1980).
Appellant also claims that her award for pain and suffering was inadequate.
[T]he initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion,’ La.Civ.C. art. 1934(3) in the award of damages ...
[Ajbsent an initial determination that the trial court’s very great discretion in the award of general damages has been abused under the facts of this case, the reviewing court should not disturb the trier’s award. Wilson v. Magee, 367 So.2d 314 (La.1979).
Reck v. Stevens, 373 So.2d 498, 501 (La.1979) (footnote omitted).
Under the facts of this case we do not think that the award of $5,100 for pain and suffering was an abuse of the trial court’s discretion.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Plaintiff was incorrectly designated as Debra Tindel in the caption below.

. Defendant Kampen did not make an appearance at trial.